## PIERCE OIL CORPORATION v. MITCHELL.

No. 14275—Opinion Filed Dec. 11, 1923.

Rehearing Denied May 13, 1924.

1. **Malicious Prosecution—"Termination of Prosecution."**

The entry of a nolle prosequi without the procurement or consent of the defendant, or an abandonment of the prosecution, either by the prosecuting attorney or the complaining witness, is such a termination of a proceeding as will support an action for malicious prosecution.

2. **Same—Dismissal as Evidence of Want of Probable Cause.**

In an action for malicious prosecution, proof of the fact that an examining magistrate, after a hearing, on recommendation of the prosecuting attorney, had discharged the accused, is prima facie evidence of the want of probable cause for instituting the prosecution. (Lindsey v. Couch, 22 Okla. 4, 98 Pac. 973.)

3. **Appeal and Error — Sufficiency of Evidence.**

Where the issues are clearly drawn by the pleadings, and the court correctly charged the jury as to the law, and properly directed them as to the issue of facts to be determined, their verdict, and the judgment rendered thereon, will not be disturbed, where the same is reasonably supported by the evidence. (Rardin v. Scruggs et al., 51 Okla. 131, 151 Pac. 609.)

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Orville A. Mitchell against the Pierce Oil Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

N. A. Gibson, J. L. Hull, and T. L. Gibson, for plaintiff in error.

A. G. Morrison, for defendant in error.

Opinion by JONES, C. This was an action instituted in the district court of Canadian county by the defendant in error. Orville A. Mitchell, arising from an alleged malicious prosecution in which he recovered a judgment against the plaintiff in error, Pierce Oil Corporation, for the sum of $1,000.

The appellee, plaintiff below, alleged in his petition in the lower court that on or about January 14, 1921, the appellant, defendant below, caused the plaintiff to be arrested by filing a complaint against him charging him with grand larceny; that after his arrest, he was imprisoned in the county jails of Canadian and Kay counties, for a period of about two days; that upon a preliminary trial the county attorney, after hearing the evidence, moved that the prosecution be dismissed on account of insufficiency of the evidence, whereupon the examining magistrate dismissed the same. Plaintiff further alleges that said prosecution was unfounded and without probable cause and was malicious and that he was thereby damaged in the sum of of $2,990.

The appellant, defendant in the lower court, answered by a general denial, and for further defense, without admitting that it caused the prosecution, alleged that, should the court hold that it did cause the same, the same was not without probable cause and was not malicious, and that the prosecution was commenced by one V. M. Zimmerman, who, prior to making the complaint, made a full, fair, and complete statement of all material facts with regard to within his knowledge to Howard B. Wilson, county attorney of Kay county, who, in good faith, advised Zimmerman to institute proceedings against the plaintiff, and that Zimmerman, in good faith, acted upon the advice of the county attorney in instituting same.

The complaint upon which the appellee was prosecuted, charged him with the crime of larceny of $63.25, the property of the Pierce Oil Corporation, appellant herein.

This cause for damages was tried to a jury on the 18th day of December, 1922, and resulted in a judgment in favor of the appellee in the sum of $1,000. The evidence on the trial developed that Mitchell was in the employ of Reed & Mittendorff of Ponca City, who were running the Creamery Filling Station, and that Reed, one of the members of the above named firm, was agent of the Pierce Oil Corporation in Ponca City, and in December, 1920, it seems from the evidence that Reed, as agent of the Pierce Oil Corporation, was short in his account, and that he absconded, and left the filling station largely in charge of Mitchell and directed him to collect certain bills and apply same on payment of rents, and also directed him to go to Great Bend, Kan., and drive a truck from that point back to Ponca City, which Reed and his partner, Mittendorff, were the owners of, or at least interested in.

The evidence is not conclusive as to whether or not the bills collected by Mitchell and applied on the rents owing by Reed & Mittendorff and the expenses on his trip to Kansas, had been incurred by reason of the purchase of merchandise from Reed & Mittendorff, or whether they had been incurred by reason of the sale by Reed, as agent, of some of the merchandise belonging to the Pierce Oil Corporation. Appellant

contends that the bills had been incurred by reason of the sale of merchandise of the Pierce Oil Corporation, and the complaint and charge of grand larceny was based on the above transaction.

The appellant interposed a demurrer to the evidence of the appellee in the trial of the case, which was overruled by the court and is one of the errors now complained of, and likewise the overruling of a motion for an instructed verdict, and also complains of errors committed by the trial court in refusing to give certain instructions requested by appellant. The instructions requested are as follows:

"If you find from the evidence that the plaintiff herein, after obtaining knowledge of the fact that the moneys collected by him after Reed had absconded belonged to the Pierce Oil Corporation, applied the same to the payment of individual obligations of his employers, even though instructed so to do by them, without the consent of the Pierce Oil Corporation, you should find for the defendant."

The refusal of the court to give this instruction was justifiable, for the reason that the evidence does not prove that the money in controversy belonged to the Pierce Oil Corporation, and if in fact it did, the evidence fails to disclose any knowledge of that fact on the part of Mitchell; and the other instruction requested is as follows:

"You are instructed that it was the duty of the plaintiff herein to disclose to Mr. Zimmerman, at the time he went to Ponca City, to investigate the facts at that place, all information which he had regarding the affairs of the said agency and of all moneys belonging to said corporation which he had collected at that time."

There is nothing in the evidence indicating that the appellee, Mitchell, did not make a full disclosure of everything he knew concerning the whereabouts of Reed and the condition of the business and accounts of Reed & Mittendorff. Mitchell drove a truck for this firm and there is no evidence in the record which justifies the belief that he necessarily knew anything about the accounts and the business standing of the firm, other than that which he disclosed to the said Zimmerman; and there is no evidence of any character which would indicate that he knew of the whereabouts of Reed at that time, or at any other time after he had absconded. So, we think that the court was correct in refusing to give the instruction requested, because there was nothing in the proof or the pleadings which would justify such instructions.

The appellant makes a rather extended argument and recited much of the evidence

in its brief in an effort to show some element of guilt on the part of Mitchell, some probable cause and justification for its action, but we are unable to grasp the thread of reasoning of the appellant and unable to see any elements of criminality in the conduct of Mitchell in the collection of his employer's bills and the application of the money received on rentals due by his employer, and for expenses incurred while in the service of his employers.

Appellant cites the rule as laid down in the case of Sawyer v. Shick, 30 Okla. 353, 120 Pac. 581, in which this court sets forth the various elements necessary to enter into a malicious prosecution, as follows:

"(1) The commencement or continuance of an original criminal or civil proceeding; (2) that defendant caused it to be instituted or continued against plaintiff; (3) its bona fide termination in favor of plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; (6) damages to plaintiff"

—and contends, first, that there was no proof of the absence of probable cause in this prosecution, but we think this question in its final analysis is one of fact and as has been laid down by the authorities, slight proof may be sufficient to establish want of probable cause on account of difficulty of establishing it. 26 Cyc. 85; Note 21, 18 R. C. L. 23, art. 12. And numerous other authorities in support of that rule are cited, and the case of Vladar v. LKopan, 89 N. J. Laws, 575, 99 Atl. 330, which announces a rule that proof of the falsity of a charge is sufficient to show want of probable cause, and cites the case of Lindsey v. Couch, 22 Okla. 4, 98 Pac. 973, to the effect that:

"Where a man is charged with a crime and has a preliminary hearing and is discharged by the examining magistrate, evidence of such discharge makes a prima facie showing of want of probable cause."

Appellant attempts to distinguish between the rule as established in the above cases and the case at bar, for the reason that the case against Mitchell was dismissed at the request of the county attorney on his own motion, but we think the formal dismissal at the request of the county attorney, after a thorough investigation of the facts as was made in this case filed in the county court in which the proceeding was then pending, setting forth as a reason for the dismissal, that the evidence is insufficient to warrant the county judge to bind the defendant over, and upon which the court acted upon and abandoned the prosecution, has the same force and effect as though evidence had been heard by the court and the

defendant discharged; and it has been held by numerous courts that abandonment or dismissal by the prosecution, makes a prima facie case of want of probable cause. R. C. L. vol. 18, p. 11, art. 12; Messman v. Ihlenfeldt, 89 Wis. 585, 62 N. W. 522, and other authorities cited in support of the same rule.

The evidence discloses that the prosecuting witness, Zimmerman, accompanied the county attorney on the occasion on which he filed the order of dismissal in the county court, and there is nothing in the record to indicate that Mitchell had in that case connived with, or had anything to do with inducing the county attorney to dismiss the case. We think, under the rules of law as heretofore set forth, that there was ample evidence to justify the court in submitting the case to the jury on the question of probable cause and malice, and the jury having determined the matter, under proper instructions from the court, adverse to the appellant, we think same is binding and should not be disturbed by this court on appeal; and likewise the question of whether or not the agent, Zimmerman, fairly presented and communicated to the county attorney all the facts which he knew, or ought to have known, and whether he acted in good faith upon the advice received where different conclusions might be drawn from the evidence is purely a question for the jury. 18 R. C. L. 48, sec. 29; Corner v. Hamilton (Mont.) 204 Pac. 489.

The burden of appellant's contention seems to be that there was probable cause to justify the agent of the Pierce Oil Corporation to make the complaint, but we think from a careful examination of the entire record, that there was ample proof to justify the court in submitting this question to the jury, and having done so under proper instructions, we think there is no reversible error which would justify a reversal of this case.

We, therefore, recommend that same be affirmed.

By the Court: It is so ordered.