## EMPIRE OIL & REFINING CO. v. CAMBRON.

No. 25275.   May 7, 1935.

Charles E. Wells and Warren T. Spies, for plaintiff in error.

Randall Pitman, for defendant in error.

PER CURIAM. This action was commenced in the superior court of Pottawatomie county by Harry Cambron, hereinafter referred to as plaintiff, for the recovery of damages, alleged to have been sustained by reason of a criminal prosecution by the Empire Oil & Refining Company, hereinafter referred to as defendant. It was alleged in the petition that the criminal action was filed and prosecuted maliciously, unlawfully, and without probable cause. The defendant admitted the institution of the criminal proceedings, but denied malice or want of probable cause, and alleged that all facts relative to the transaction charged, and all facts which a reasonable investigation might have disclosed, were presented to the assistant county attorney of Pottawatomie county, who thereafter conducted an independent investigation of the transaction, and advised the filing of a complaint.

Plaintiff's evidence disclosed that a criminal complaint, signed by defendant, by C.

E. Powell, its agent, was filed, charging plaintiff with theft of gasoline, the property of defendant, of the value of $24; that a warrant was issued for plaintiff's arrest on which he was placed in the county jail, where he remained until bond was furnished and approved; that on the day fixed for the preliminary hearing, the cause was dismissed, on motion of the county attorney, for want of evidence. This evidence, coupled with proof as to the damage sustained, was sufficient to make a prima facie case for the plaintiff. See Pierce Oil Corp. v. Mitchell, 99 Okla. 148, 225 P. 937.

Defendant's evidence substantiated the allegations of its answer. Specifically, the evidence showed that its agent laid all the material facts within his knowledge before the assistant county attorney, who declined to express an opinion until he had made an independent investigation of the facts pertaining to the transaction; that the assistant county attorney, at the conclusion of his investigation, advised the filing of a complaint, which was filed at Tecumseh by the defendant's agent, who acted upon the advice given. These are uncontroverted facts. It was shown, however, that this complaint did not bear the approval of the county attorney, for the reason that complaints filed at Tecumseh were usually O. K.'d before the trial commenced, and the cause having been dismissed before trial, no formal approval was indorsed upon the complaint.

There was a verdict and judgment for plaintiff. Defendant, having regularly appealed, assigns numerous errors, including alleged errors in the admission and rejection of evidence and in the giving and refusal of certain instructions. As we view the case, it is necessary to consider only assignment of error No. 7, which is that "said court erred in denying defendant's motion that the jury be instructed to return a verdict for the defendant."

In the above statement of this case, we have not considered it necessary to set out in detail all the admitted evidence; however, we feel, after a critical examination of the record, that we should again point out basic principles of public policy applicable to this case and other cases of similar character. We again approve the following excerpt from the opinion announced in the case of Sims v. Jay, 53 Okla. 183, 155 P. 615, wherein we said:

"It is for the best interest of society that those who offend against the laws shall be

promptly punished, and that any citizen, who has good reason to believe that the law has been violated, shall have the right to cause the arrest of the offender. For the purpose of protecting him in so doing, it is the established rule that if he have reasonable grounds for his belief, and acts thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. This rule is founded upon the grounds of public policy, in order to encourage the exposure of crime. It would indeed be a harsh rule, and one calculated to discourage entirely the making of complaints by private individuals in criminal cases, to hold that one who has acted upon the advice of a reputable disinterested, practicing attorney, given upon a full and fair statement of all the material facts which he knew, or which he had reasonable grounds to believe existed at the time, should be civilly liable in damages if the prosecution should fail."

The many decisions of this court on the question of probable cause and malice, in cases of this character, when carefully examined and analyzed, reveal a harmonious trend of thought committed to, and announcing the following principles, to wit:

First. The voluntary abandonment or dismissal of a criminal action by the complaining witness or the county attorney, without the procurement of defendant, is such a termination of the proceeding as will support an action for malicious prosecution; and proof thereof is prima facie evidence of the want of probable cause for instituting the prosecution. Pierce Oil Corp. v. Mitchell, 99 Okla. 148, 255 P. 937.

Second. Malice may be inferred or implied, in an action for malicious prosecution where there is proof of want of probable cause. Bryan v. Lee, 123 Okla. 22, 252 P. 2.

Third. The existence or want of evidence tending to show the presence or absence of probable cause is a question of law to be determined by the court. Where the evidence is conflicting on the question of probable cause, the court should submit to the jury for determination the matter of the weight of the evidence, with appropriate instructions as to what facts would, or would not, constitute probable cause. Bryan v. Lee, supra.

Fourth. In an action for malicious prosecution, where the plaintiff has made a prima facie case on the question of want of prob-

able cause, by showing a voluntary dismissal of a criminal action, without procurement on the defendant's part, from which want of probable cause malice may be inferred or implied, and the defendant, under proper pleading, shows by uncontroverted evidence that all material facts within his knowledge or obtainable by a reasonably prudent investigation were fairly presented to the proper county attorney, or other member of the bar of this state, and that thereafter he acted in good faith upon the advice given, the absence of malice is established and the want of probable cause is negatived. Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okla. 5, 22 P. 686.

Fifth. In an action for malicious prosecution, where the person who instituted the proceedings obtained the advice of the county attorney, but did not fully and fairly communicate to him all of the relevant material facts of which he had knowledge, or could have obtained knowledge by reasonable diligence and inquiry, the fact that he acted upon the advice thus received does not establish the absence of malice or negative a want of probable cause. Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141.

Entertaining these views, we conclude, upon a careful examination of the record and briefs in this case, that the defendant's motion for a directed verdict should have been sustained. Therefore, the judgment of the trial court is reversed, with directions to vacate such judgment and to enter judgment in favor of the defendant dismissing this action at the cost of plaintiff. Reummeli-Braun Co. v. Cahill, 14 Okla. 422, 97 P. 260.

The Supreme Court acknowledges the aid of Attorneys Eugene Jordan, J. R. Keaton, and W. A. Lybrand in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jordan and approved by Mr. Keaton and Mr. Lybrand, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.