### FIDELITY UNION CASUALTY CO. v. ADAMS.

No. 23257.   Sept. 17, 1935.

Rehearing Denied Nov. 5, 1935.

Jas. C. Cheek, for plaintiff in error.

Edgerton & Vickers and C. B. Rockwood. for defendant in error.

PER CURIAM. Fred C. Adams commenced this action against the defendant, Fidelity Union Casualty Company, and recovered a judgment for $802.22, from which the defendant appealed.

The plaintiff in his petition alleges that on the 22nd day of June, 1928, the defendant issued a casualty insurance policy to

the plaintiff, insuring the plaintiff and his wife against loss from liability imposed by law upon the insured for damages on account of bodily injuries, alleged to have been suffered by any person, or persons, as a result of ownership, maintenance or use for private purpose of a certain automobile.

Plaintiff further alleges that on the 16th day of February, plaintiff's wife, while driving the insured car, injured one Joe Simpson, who was taken to the Sapulpa City Hospital in Sapulpa for treatment, and there kept for a considerable length of time by the hospital, and treated by Doctor Paul Mote and Doctor Ralph McGill.

Plaintiff further alleges that he had been sued by the City Hospital for the sum of $257.13, with interest, which suit was still pending, and that he had been sued by Dr. Paul Mote for the sum of $150, with interest, and Dr. Ralph McGill for the sum of $200, with interest, and that judgment had been recovered in each of said suits. That the defendant had been duly notified of the suits filed against plaintiff, and had failed to defend the same, and that plaintiff had been compelled to employ attorneys to defend said actions, for which services he had contracted to pay the sum of $150, and plaintiff alleges that the terms of the policy had been breached, and he had been damaged in the sum of $802.22, for which he prayed judgment.

The defendant admits the execution of the policy and that it was in force at the time the accident occurred, but denied liability thereunder to the plaintiff. The facts are undisputed. The injured party was taken to the Sapulpa Hospital and there kept and treated by Dr. Mote and Dr. McGill, all as alleged in plaintiff's petition. The injured party died some six weeks after the injury, and an administrator was appointed. Suit was filed in Tulsa county against the wife of the plaintiff. The insurance company was duly notified and defended the action on behalf of the insured's wife. A judgment was rendered in that action and satisfied by the insurance company.

In that action the hospital bill and the bill of Dr. Mote and Dr. McGill were included by the administrator of deceased's estate, on the theory that the estate was liable for these bills. But no claims were filed against the estate for any of these bills, and thereafter suits were filed against the plaintiff herein, and in these suits against the plaintiff herein it was alleged that the plaintiff had contracted and agreed to pay those bills.

The insurance policy sued upon only insured against loss for the liability imposed upon the insured by law, and plaintiff admits that the insurance company would not be liable for any obligation arising upon contracts made by the plaintiff except in so far as they come within the following provision of the insurance policy:

"D. In connection with accidents coming within paragraphs (1) and (2) of the insuring agreements, the assured shall not voluntarily assume any liability, nor incur any expense other than for immediate surgical relief, nor settle any claim, except at the assured's own cost. The assured shall not interfere in any negotiation for settlement, nor in any legal proceedings, but whenever requested by the company, and at the company's expense, the assured shall aid in securing information and evidence and the attendance of witnesses, and shall co-operate with the company (except in a pecuniary way) in all matters which the company deems necessary in the defense of any suit or in the prosecution of any appeal."

Plaintiff in the trial of the case sought to show by the testimony of Dr. Levy that the medical attention rendered by Dr. Mote and Dr. Ralph McGill, and the hospital bill, came within the provision of the section above quoted, which inferentially authorized the insured to incur immediate surgical relief. As to whether the services rendered by Dr. Mote and Dr. McGill would under the facts in this case, be regarded as immediate surgical relief, it is not necessary to decide.

The plaintiff admits he advised the attorney for the insurance company that he had not contracted or agreed to pay the medical or hospital bills, and the insurance company thereupon made settlement with the administrator of the injured party's estate for these very bills, and even if it could be said that the plaintiff would have had the right to contract these bills, since he had advised the insurance company that he had not done so, and the insurance company had acted upon this advice in the settlement with the administrator for these bills, the plaintiff was by his conduct estopped to assert a claim against the insurance company, even though the plaintiff was subsequently held liable for these debts on the ground that he had contracted and agreed to pay them.

The plaintiff was fully advised that the administrator was asserting that the obligation for the hospital bill and doctor bill had been incurred by the deceased, and were properly recoverable by the adminis-

trator, as a part of the damages as sustained by the deceased, and the plaintiff having advised the insurance company that he did not contract these bills and was not personally liable therefor, the insurance company fully discharged its obligation with respect to these bills, when it satisfied the judgment rendered against the plaintiff's wife therefor, and. by virtue of the undisputed facts in this case, the plaintiff is estopped to assert a claim against the insurance company for these bills, although it was subsequently held by the court that he was liable therefor.

This case is therefore reversed and judgment is rendered for the defendant dismissing this action at plaintiff's cost.

The Supreme Court acknowledges the aid of Attorneys T. M. Robinson, Cecil R. Chamberlin, and W. G. Roe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Robinson and concurred in by Mr. Chamberlin and Mr. Roe. the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.