EMPIRE OIL & REFINING CO. v. WILLIAMS.

No. 26419. Dec. 20, 1938.

Rehearing Denied Jan. 17, 1939.

James W. Finley, Hayes McCoy, and Charles C. Julien, for plaintiff·in error.

Chas. B. Hickok, for defendant in error.

OSBORN, C. J. This action was instituted in the superior court of Pottawatomie county by Alfred Williams against the Empire Oil & Refining Company, a corporation, to recover damages for an alleged malicious prosecution. Thereafter the action was transferred to the district court of that county. Upon trial the jury returned a verdict in favor of the plaintiff, and the defendant appeals from the judgment rendered thereon. We shall refer to the parties as they appeared in the trial court.

The plaintiff alleged in his petition, in addition to the usual allegations in stating such cause of action, that the defendant, without probable cause, procured a complaint, endorsed by the county attorney, to be filed against the plaintiff charging him with tapping a pipe line; that plaintiff was arrested before the complaint was filed and placed in jail, but released, and then arrested again and the criminal charge filed; that thereafter a preliminary hearing was held before a justice of the peace and the plaintiff bound over to district court for trial on said charge. The defendant answered by general denial and then specifically denied that the agents or employees of the defendant procured the filing of the complaint against the plaintiff.

It is apparent from the evidence that an employee of the defendant furnished the information upon which the plaintiff was arrested and charged with this crime. This employee testified that in the course of his employment he came upon a group of men at a place where one of the defendant's pipe lines had been tapped; that plaintiff was one of the men in this group, and that he reported this information to the officers of that county. The plaintiff denied that he was at that place, and two other parties corroborated his testimony.

The defendant's first assignment of error is that the trial court erred in overruling the defendant's demurrer to plaintiff's evidence. It is the established rule that a demurrer to the evidence should be sustained only when there is no evidence to sustain the plaintiff's cause of action, or when the evidence fails to sustain some material issue. First State Bank v. Lattimer, 48 Okla. 104, 149 P. 1099; Archer v. United States, 9 Okla. 569, 60 P.2d 268; Bell v. Radabough, 178 Okla. 106, 62 P.2d 79. And a demurrer to the evidence admits the truth of all the evidence offered on the part of the plaintiff, together with such inferences and conclusions as are reasonably deducible therefrom. Flesher v. Callahan, 32 Okla. 283, 122 P. 489; Fipps v. Stidham, 174 Okla. 473, 50 P.2d 680.

The essential elements in a cause of action for malicious prosecution are: (1) The commencement or continuance of an original criminal or civil proceeding; (2) that the defendant caused it to be instituted or continued against the present plaintiff; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages to present plaintiff. Sawyer v. Shick, 30 Okla. 353, 120 P. 581.

The defendant contends that the plaintiff failed to prove a bona fide termination of the criminal proceeding in his favor. The plaintiff introduced proof that the criminal proceeding was dismissed by the district court upon the recommendation of the county attorney, which was prima facie evidence of a bona fide termination in his favor. Pierce Oil Corp. v. Mitchell, 99 Okla. 148, 225 P. 937.

The other assignment of error is the trial court's refusal to direct a verdict in favor of the defendant. The trial court is justi-

174

fied in directing a verdict for a defendant only when the evidence with all inferences the jury could reasonably deduce therefrom will not support a verdict in favor of the plaintiff. Morris v. McLendon, 167 Okla. 68, 27 P.2d 811; Hagler v. Breeze, 169 Okla. 37, 35 P.2d 892. Moreover, a motion for a directed verdict is properly denied where the evidence is conflicting as to material issues. Gamble v. Riley, 39 Okla. 363, 135 P. 390; Edwards v. Central Life Assur. Society, 179 Okla. 584, 66 P.2d 939; Maryland Casualty Co. v. De Armon, 179 Okla. 60, 64 P.2d 719.

In urging the motion for a directed verdict, defendant relies upon the rule expressed by this court in First State Bank v. Denton, 82 Okla. 137, 198 P. 874, that where the dismissal of the criminal proceeding is obtained by procurement of the party prosecuted, or by compromise or agreement of the parties, then an action for malicious prosecution cannot be maintained. In support of this theory defendant introduced evidence to prove that the plaintiff procured the dismissal of the criminal charges by representing to the county attorney that his family was destitute and he could not obtain work while this charge was pending against him. Although plaintiff's denial that he procured the dismissal is not emphatic, nevertheless, he did deny it, and, under the general rule cited heretofore, there was a conflict of evidence and the issue was for the jury to determine.

Similarly, in the other questions raised by the motion for a directed verdict, there was a conflict in the evidence, and since the evidence favorable to the plaintiff, if taken as true, together with all favorable inferences to be drawn therefrom, reasonably tends to support the verdict, we are not justified in reversing the trial court's action in denying said motion.

Since the defendant makes no assignment of error in either the motion for new trial or in the petition in error regarding the instructions of the trial court, it is not necessary that we examine them.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and WELCH, HURST, DAVISON, and DANNER, JJ., concur. CORN and GIBSON, JJ., dissent. RILEY, J., absent.