AETNA LIFE INSURANCE CO. v. GOEN.

No. 29463.   March 4, 1941.

*111 P. 2d 195.*

W. E. Green, J. C. Farmer, and R. J. Woolsey, all of Tulsa, for plaintiff in error.

R. E. Stephenson, of Sapulpa, for defendant in error.

WELCH, V. C. J.  This action, one to recover under total disability provision of a group insurance contract, was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant.

The determinative issue presented by the pleadings was whether plaintiff had become totally and permanently disabled to engage in any occupation or employment for wage or profit. Trial was had to a jury. The plaintiff undertook to establish her claim of permanent disability by her own testimony and that of certain lay witnesses. The defendant challenged the sufficiency of this evidence by demurrer and motion for directed verdict, and when the same were overruled, saved proper exceptions thereto. The jury returned a verdict in favor of the plaintiff and assessed her recovery at the amount named in the policy. The defendant appealed from the judgment rendered on the verdict and the order which denied the motion for new trial.

The competency of the evidence of the plaintiff and its sufficiency to sustain the verdict of the jury are the decisive issues presented for our consideration.

This court is committed to the rule that where the nature and extent of the disability is such as to require de-

termination thereof by skilled and professional persons, it must be proved by the testimony of such persons. St. Louis & S. F. Ry. Co. v. Criner, 41 Okla. 256, 137 P. 705; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Skelly Oil Co. v. Rose, 176 Okla. 313, 55 P. 2d 1019. The testimony of the plaintiff and her lay witnesses with respect to the permanency of the disability amounted to nothing more than a conclusion on their part, and therefore was insufficient to sustain the burden which the plaintiff had of proving her case by competent evidence. The symptoms and the conditions of the disability were wholly subjective and the issues require proof that the insured presumably will thereafter during life be unable to engage in any occupation or employment for wage or profit. See Channing v. Payton, 152 Okla. 153, 4 P. 2d 1, and Federal Mining & Smelting Co. v. Montgomery, 148 Okla. 145, 297 P. 240. The demurrer of the defendant to the evidence of the plaintiff should have been sustained, and when this was not done, the motion for a directed verdict should have been granted. Fidelity Union Casualty Co. v. Adams, 174 Okla. 487, 50 P. 2d 284.

In view of the conclusion thus reached, it is unnecessary to discuss the remaining contention advanced by the defendant. The judgment is reversed, and the cause remanded for new trial.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.