AETNA LIFE INSURANCE CO.
v. WILSON.

No. 29976.   Feb. 10, 1942.

Rehearing Denied March 24, 1942.

*123 P. 2d 656.*

364

W. E. Green, J. C. Farmer, and R. J. Woolsey, all of Tulsa, for plaintiff in error.

R. E. Stephenson, of Sapulpa, for defendant in error.

RILEY, J. Beulah Wilson instituted this action in the district court of Creek county against the Aetna Life Insurance Company to recover disability benefits provided for in what is known as a group policy of life insurance issued by the Aetna Life Insurance Company to Bartlett-Collins Glass Company, the employer of plaintiff.

For convenience Beulah Wilson will hereinafter be referred to as plaintiff, the Aetna Life Insurance Company will be referred to as defendant, and Bartlett-Collins Glass Company will be referred to as the company. Plaintiff prevailed below, and defendant appeals.

The undisputed evidence is that plaintiff had been employed by the company for 15 years. On December 1, 1924, defendant issued to the company the group life insurance policy here involved covering the company's employees. Plaintiff was issued a certificate of her participation therein and coverage thereby. At that time plaintiff was 33 years of age and the schedule of rates attached to the policy shows that the monthly premium applicable to employees of that age was 56 cents. The company paid the premiums direct to defendant. Plaintiff contributed 50 cents of each monthly payment and the company paid six cents. All monthly premiums, as to plaintiff, were paid up to and including March, 1936. About December 1, 1935, plaintiff ceased working for the company and has not worked for it, or elsewhere, since.

About March 21, 1936, the company sent defendant notice of discontinued employment and request for termination of insurance as to plaintiff. The notice stated that employment was terminated November 29, 1935. The certificate issued to plaintiff, and also the master policy, provided, ". . . the insurance under this plan shall cease . . . when employee terminates employment with the . . . Glass Co. . . ."

Sometime in the first part of 1939, plaintiff made claim to the company and to defendant that she was totally and permanently disabled within the mean-

ing of the certificate and policy, at the time she ceased working for the company, and that it was because of such disability that she ceased working.

In the verified proof and claim, dated March 13, 1939, plaintiff stated: (1) That she was covered by the policy; (2) that she became totally and permanently disabled about December 15, 1935, while this policy was in force and effect; (3) that she was not at that time 60 years of age; and (4) that she is entitled to the full benefits provided for in the policy for such disability as to the date she became disabled.

The policy provided for payment on due proof of death of any of the insured employees of the company, other than executives and foremen, the sum of $1,000 payable to the beneficiary designated by the insured employees, respectively.

As to individual terminations, the policy provided:

"The employer may effect cancellation of insurance upon any employee insured hereunder upon or at any time after termination of employment, or when the employee fails to make the required premium contribution, by returning the card for such individual insurance with the form thereon entitled 'Notice of Discontinued Employment' (which form the employer may amend to read 'Notice of Failure to Pay the required Premium Contribution') properly filled out and signed by the employer. Insurance shall cease to be in force at the end of the policy month in which employment terminated or premium contribution ceased, except that if said card is received by the Company subsequent to the expiration of thirty days following the date employment terminated or premium contribution ceased, insurance shall be continued to the end of the policy month in which the card is received by the Company, premium charge shall cease at the end of the policy month in which insurance terminates. If through clerical error on the part of the employer discontinuance of insurance is not requested immediately after termination of employment the

Company will refund all premiums paid beyond the policy month in which employment terminated."

It further provided:

"If the cause of termination of employment of any employee insured hereunder be permanent and total disability, the insurance upon such employee under this policy shall be continued and such employee shall be subject to the provisions of permanent and total disability contained herein."

That part of the policy which gave rise to the controversy is:

"If any employee, before attaining the age of sixty years and while insured hereunder, becomes totally disabled and presumably will thereafter during life be unable to engage in any occupation or employment for wage or profit, or shall meet with the entire and irrecoverable loss of the sight of both eyes or of the use of both hands or both feet or of one hand and one foot, such employee shall be deemed to be totally and permanently disabled. Upon receipt at the Home Office of the Company, during the continuance of insurance on such employee, of satisfactory evidence of such disability the company will waive further payment of premium for the insurance upon the life of such employee and in lieu of all other benefits provided for on such life under this policy will pay the amount of insurance in force upon such life at the time such disability commenced. . . ."

The uncontradicted evidence is that plaintiff was less than 60 years of age at the time she ceased work.

There are 24 assignments of alleged error submitted under six general propositions. The first three all relate to the exclusion by the court of a provision or rider said to have been attached to the policy about April 16, 1929, five years after the original policy was issued and the certificate delivered to plaintiff.

Defendant first offered the rider as an amendment to its answer, and then offered it in evidence as a part of the cross-examination of plaintiff's witnesses and in defendant's case in chief.

The court rejected each offer, and the first contention of defendant is that the court erred in so doing.

The so-called rider is:

"Rider

2436

"To be attached to and made a part of group policy No. 2436 issued by the Aetna Life Insurance Company of Hartford, Connecticut, insuring the lives of certain employees of Bartlett-Collins Glass Co.

"It is understood and agreed that effective from the date hereof the following provision is hereby added to and made a part of this policy.

Notice of Claim

Written notice of the death or permanent total disability of any employee while insured under this policy shall be given the Company at its Home Office within one year after cessation of the payment of premiums in respect to such employee; and if such notice is not given, the Company shall not be liable for any payment on account of such death or permanent total disability.

"Nothing contained herein shall be held to alter or affect any of the terms and conditions of this policy other than as herein stated.

"Written notice to the Company by the employer of the attachment of this rider to said policy shall constitute its acceptance. Hartford, Connecticut, this 16th day of April, 1929."

There was no allegation and no proof that plaintiff ever had any notice of the change or addition to the policy or consented thereto. The policy on its face purports to be a contract between the defendant and the company. But when plaintiff was given the certificate and contributed her portion of the monthly premium, she became a party to the contract. As applied to plaintiff, the policy then became a tripartite contract. It could not then be modified without the knowledge and consent of plaintiff. Ehrman et al. v. Rosenthal et al., 117 Cal. 491, 49 P. 460; Liverpool & London & Globe Ins. Co. v. McLaughlin, 70 Okla. 237, 174 P. 248.

In the absence of an allegation and proof that plaintiff had knowledge of and consented to the rider, there was no error in rejecting it.

The fourth proposition is that there is no competent evidence of disability while the policy was in effect. The contention is that there was no expert or medical testimony as to plaintiff's disability until long after the policy was canceled. The rule is that expert or medical testimony is required where the symptoms are subjective only, and the question of whether the injuries are permanent. On that question there was some expert or medical testimony. Plaintiff was competent to testify as to her ability to work, and she did testify that she had never been able to work since she became ill and quit work about December 1, 1935. In that she was corroborated by a number of witnesses who, at different times, lived in the house with plaintiff and did her housework. Whether that disability would presumably be permanent was for expert testimony alone. There was such testimony.

The next and most serious proposition is that, under the policy as written, it was incumbent upon plaintiff to furnish satisfactory evidence of total and presumably permanent disability, to the home office of defendant, during the continuance of the insurance on such employee, and that this was not done.

We have set out above the material provisions of the policy on this question. It is conceded that no such evidence was furnished before March 21, 1936. Metropolitan Life Ins. Co. v. Phillips, 236 Ala. 259, 182 So. 35; Burchfield v. Aetna Life Ins. Co., 230 Ala. 49, 159 So. 235, and Aetna Life Ins. Co. v. Allen, 49 Ga. App. 200, 174 S. E. 724, apparently tend to support this contention. Other cases cited by defendant, such as Bergholm et al. v. Peoria Life Ins. Co., 284 U. S. 489, 56 S. Ct. 230, 76 L. Ed. 416, and similar cases, are not applicable, as shown in Aetna Life Ins. Co., 292 Mass. 575, 198 N. E. 909.

It was there pointed out that the provisions of the policy, for waiver by the

insurance company of further payment of premium upon receipt by it of due proof of total permanent disability of an employee, apply to premiums to be paid by the employer, and not to contributions by the employee. But we think that under the contract as a whole, the policy of insurance was never terminated as to plaintiff if, in fact, she became totally and permanently disabled on or about December 1, 1935.

It may be noted that one of the provisions of the policy, which does not appear to have been present, or at least considered, in any of the cases cited by defendant, is that:

"If the cause of termination of employment of any employee insured hereunder be permanent and total disability, the insurance upon such employee under this policy shall be continued and such employee shall be subject to the provisions of permanent and total disability contained herein."

Under that provision, if plaintiff did in fact become totally and permanently disabled while in the employ of the company, and the cause of the termination of her employment was such disability, then the insurance as to her continued. It was then beyond the power of the company or the defendant to terminate the insurance so as to deprive plaintiff of her protection. Plaintiff pleaded and in effect testified that the cause of the termination of her employment was her total disability. If such is the case, the insurance continued and plaintiff was entitled to demand payment at any time before the statute of limitations cut off her right. The proof was submitted and this action was commenced within said time.

If the company wanted to be relieved from payment of further premiums, it was its duty to submit the necessary proof. It could not arbitrarily cancel the policy without regard to the cause of the termination of plaintiff's employment.

The so-called rider sought to be applied by defendant was apparently designed to cure omission of requirements of notice within any given time by the employee, and required notice to be given by the employee within one year from the cessation of payment of premiums in respect to the employee insured. But we have said that the rider never became effective as to plaintiff and is not to be considered.

The last proposition goes to the question of delay in giving notice. We have just said that plaintiff was limited only by the applicable statute of limitations, and that she was within that time.

Judgment affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and GIBSON, J., dissent.