DOWNTOWN CHEVROLET CO. v. LEHMAN.

No. 30550. July 13, 1942.

Rehearing Denied Oct. 6, 1942.

*129 P. 2d 578.*

Hudson & Hudson, of Tulsa, for plaintiff in error.

B. A. Hamilton, of Tulsa, for defendant in error.

PER CURIAM. This action was commenced by Cal Lehman, a minor, by his father, George C. Lehman, as next friend, to recover for personal injuries suffered when the said Cal Lehman was run down by a hit-and-run driver at a street intersection in Tulsa, Okla., at approximately 11 p.m. September 4, 1939.

The evidence introduced by the plaintiff tended reasonably to establish that at approximately 11 p.m. of September 4, 1939, Orvile McLehaney, while driving an automobile with automobile license No. BJ 227, ran down and injured Cal Lehman, a boy 15 years old, while he was crossing the street intersection. The driver of the automobile did not

stop. Thereafter McLehaney called the defendant's place of business, and one Hickman, an employee, went to the place from which McLehaney had called over the telephone and brought McLehaney to defendant's place of business. The police, together with the plaintiff's father, then arrived and began searching for the record of the automobile driven by the hit-and-run driver. McLehaney left and went to bed and was afterwards arrested and convicted for driving while drunk.

Substantially upon this fact situation judgment was rendered for the plaintiff upon a verdict of the jury for $3,000. To reverse said judgment defendant has filed a petition in error with nine assignments of error and presents the assignments in three general propositions.

As we view the matter the second specification, that the court erred in overruling the motion for directed verdict, is determinative of the issues involved in the appeal. McLehaney was what is called a trimmer in defendant's establishment. His work consisted of aiding in upholstering and in interior finishing and repair of automobiles. The automobile in question was being repaired by him for eventual delivery to the used car department of said establishment. He testified that he drove the automobile home, had dinner with his mother, and then drove to a club outside of the city of Tulsa; that some fellows took his car and he found it afterwards without gas, and thereupon called the said Hickman to come for him. It was after Hickman came for him and returned him to the defendant's establishment that the police arrived, and during the time the police were there until he left for his home and went to bed he was in their presence and apparently assisted them in checking for the automobile. His testimony is the only direct testimony anywhere in the record as to when and how said automobile was taken from the defendant's establishment. Three other witnesses testified for the defendant. One was the shop foreman on the job prior to 8 o'clock p.m. of September 4, 1939; one

was the shop foreman on the job after 8 o'clock p.m., and the other was the president and general manager of the defendant company. The only witness of these three who gave any evidence of having any knowledge of when McLehaney left the defendant's place of business is J. R. Farmer. He testified that he was shop foreman in charge of the work being done by McLehaney; that McLehaney brought a car, the same being the car in question, down on the elevator about 5:30 p.m. and went down the alley with it; that McLehaney then came back to the job; that thereafter he was not seen by witness. The only other evidence even tending to disclose that after 8 o'clock p.m. of September 4, 1939, the shop foreman or anyone else knew that McLehaney had the automobile is the testimony of George C. Lehman, the father of the plaintiff. He testified that Wilson Laws, the shop foreman on the job from 8 o'clock p.m. of said day, stated that McLehaney was around earlier in the evening trying to get someone to go somewhere with him, but that no one would go. This witness stated that he gathered from what Wilson Laws said that Wilson Laws knew that McLehaney had been drinking. Assuming that this is evidence that Wilson Laws admitted that McLehaney had been there earlier in the evening and that said Wilson Laws knew that McLehaney had been drinking, which assumption we do not decide, there is no evidence tending to disclose that at that time, or any other time, Wilson Laws knew that McLehaney had taken the automobile in question while he was drunk or any evidence reasonably tending to show that McLehaney had taken the automobile out while Wilson Laws was in charge of the shop.

We are familiar with the line of cases cited by plaintiff to the effect that the owner of an automobile who lends it to another knowing that the borrower is so incompetent or reckless in his driving as to render an automobile in his hands a dangerous instrumentality is liable for injuries caused third persons by the borrower's wrongful act or negligence. See Waddle v. Stafford, 104

Okla. 192, 230 P. 855; Coker v. Moose, 180 Okla. 234, 68 P. 2d 504.

In Kansas City, M. & O. R. Co. v. Bishop, 140 Okla. 277, 282 P. 1091, it is stated that it is error to overrule defendant's motion for a directed verdict where there is a total failure of proof. To the same effect see Fidelity Union Casualty Co. v. Adams, 174 Okla. 487, 50 P. 2d 284; Bell v. Radabaugh, 178 Okla. 106, 62 P. 2d 79; Howard Green Torpedo Co. v. Big Chief Drilling Co., 187 Okla. 321, 102 P. 2d 872; Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. 2d 389; St. Louis & S. F. R. Co. v. Bloom, 39 Okla. 78, 134 P. 432; Frederick Cotton Oil Co. v. Clay, 50 Okla. 123, 150 P. 451; Duncan v. First National Bank, 122 Okla. 58, 251 P. 69. We have reviewed the evidence carefully and are convinced that there is not competent evidence reasonably tending to support the theory that McLehaney was intrusted with the automobile by and with the consent of any agent of the defendant company, and a judgment based upon the above declared doctrine cannot be sustained.

The question of agency is not involved. It is not claimed or asserted that McLehaney was the agent of the defendant company.

The judgment of the trial court is reversed and remanded, with directions to vacate the judgment for the plaintiff and enter judgment for the defendant.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.