## AETNA LIFE INSURANCE CO. v. GOEN.

No. 30763. April 6, 1943.

Rehearing Denied May 4, 1943.

Application for Leave to File Second Petition for Rehearing Denied June 15, 1943.

*138 P. 2d 74.*

W. E. Green, J. C. Farmer, R. J. Woolsey, A. L. Deaton, and J. D. Ford, all of Tulsa, for plaintiff in error.

R. E. Stephenson, of Sapulpa, for defendant in error.

HURST, J. Plaintiff, Laura Belle Goen, sued to recover total disability benefits under a group insurance policy issued to her employer, Bartlett-Collins Glass Company, by defendant, Aetna Life Insurance Company. In a former appeal (188 Okla. 500, 111 P. 2d 195) we reversed a judgment for plaintiff because of the failure of plaintiff to

prove the permanency of the alleged total disability by expert testimony. On retrial plaintiff again prevailed, and defendant appeals.

The question for decision is whether there was evidence upon which the jury could find that plaintiff, while the policy was in effect, became "totally disabled and presumably will thereafter during life be unable to engage in any occupation or employment for wage or profit" as the policy provides. The quoted words define the conditions upon which permanent and total disability benefits were to be paid.

Plaintiff testified that she left the employment of the Bartlett-Collins Glass Company on December 15, 1935 (the policy as to her expired 31 days thereafter); that she was sick then and had remained so ever since; that every time she tried to work, she became ill and had to lie down or go to bed; that her symptoms were a swimming feeling in the head, headaches, a sick feeling and nervousness; that she had been able to perform some light household tasks, but nothing of consequence; and that her condition was worse at the time of trial than it had been on December 15, 1935. She was corroborated in such testimony by several witnesses with whom she had lived since termination of her employment. Her only medical testimony was that of a physician who testified that he examined her in May, 1941. He testified that on the day of examination she was suffering from low blood pressure and arthritis. He stated that the arthritis was caused by poisons in the body and that the effect of low blood pressure was loss of energy, upon exertion. This was the sum of his testimony. He was not asked for and did not express an opinion as to the length of time plaintiff had had low blood pressure and arthritis. Neither did he express an opinion as to whether she was totally or permanently disabled on December 15, 1935, or within 31 days thereafter. He testified that at his examination of her in May, 1941, she was totally disabled and would permanently remain so.

The rule established in the former appeal is that the permanency of the disability, where the symptoms are subjective, must be shown by expert testimony.

Defendant says that, to comply with this rule, the expert testimony must of itself show the permanency of the disability while the policy was in force, and that proof short of this fails to establish that the disability was permanent while the policy was in effect. It has been so held. Equitable Life Assur. Soc. of the United States v. Arrowood, 253 Ky. 456, 69 S. W. 2d 984; Equitable Life Assur. Soc. of United States v. Smith, 260 Ky. 56, 83 S. W. 2d 885.

Plaintiff contends that there may be lay testimony of disability from a time when the policy was in force until trial and that medical testimony is needed only to prove future permanency, and that the inference then would be that the disability was also permanent while the policy was in effect. That is said to be indicated by our holding in Aetna Life Ins. Co. v. Wilson, 190 Okla. 363, 123 P. 2d 656. We think we need not decide that question now. Assuming plaintiff's contention to be true, it is apparent that to permit such inference there must be evidence whereby the jury can find that the disability from which plaintiff was suffering at a time when the policy was in force is the same disability later shown by expert testimony to be permanent. The evidence here did not meet this requirement. Simply because the insured suffered headaches, dizziness, and nausea when she tried to work from 1935 to 1941, and in 1941 was shown to have arthritis and low blood pressure, a symptom of which is loss of energy, does not permit the jury to infer that insured had low blood pressure or arthritis in 1935. Such an inference is not logically justified. It will be noted that there was no testimony outlining the symptoms of low blood pressure and arthritis which corresponded to the symptoms of plaintiff's disability in 1935. In short, there was no evidence that plaintiff's disability in

1935 was the same as that existing in 1941. She may have acquired low blood pressure and arthritis after 1935. Whether or not proof of identity of the disabilities at the two times would have been sufficient without further expert testimony, we do not now decide.

Plaintiff cites the case of Aetna Life Ins. Co. v. Wilson, above, as contrary to our holding here. A reading of that case does not disclose whether or not it was there proved that the disability suffered by insured at the termination of her employment was the same disability proved to be permanent by medical testimony. Insofar as the language used may appear to conflict with our holding here, it is disapproved.

Plaintiff failed to establish by evidence that she was totally disabled on December 15, 1935, or within the 31 day period of grace thereafter, and that at that time her disabilities were presumably permanent. Defendant properly saved its record thereon.

Reversed for a new trial.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and WELCH, JJ., absent.