ROBY v. SMITH *et al.*

No. 2989.   Opinion Filed January 13, 1914.

(138 Pac. 141.)

MALICIOUS PROSECUTION—Defense—Advice of Counsel—Sufficiency of Disclosure. In a civil action for damages for malicious prosecution, where the defendant relies upon advice of counsel as a defense, the disclosure to counsel required of him before acting upon such advice is not a disclosure of all the facts discoverable, but all the facts within his knowledge. If he knows facts enough, either personally or by credible information, which, when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by J. L. Roby against C. H. Smith and W. J. Grisham. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. W. Bartholomew* and *S. B. Garrett,* for plaintiff in error.

*Everett Petry,* for defendants in error.

KANE, J. This was an action, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, to recover damages for alleged malicious prosecution. The answer contained a general denial and allegation to the effect that said defendants acted in good faith, and upon advice of counsel in having the search warrant upon which the action was based issued. Upon trial to a jury there was a verdict for the defendants, upon which judgment for costs was entered against the plaintiff, to reverse which this proceeding in error was commenced.

The fifth assignment of error is to the effect that the court below erred in giving the following instruction:

"The court instructs the jury that if you believe from the evidence that the defendants made in good faith a full, correct, and honest disclosure to Attorney Johnson of all the material facts bearing upon the case of which they had knowledge, and that the defendants were acting in good faith on the advice of the counsel in procuring the search warrant to be issued and served, then you should find for the defendants."

The fault found with this instruction is that it does not require the defendant to disclose to his attorney such facts bearing upon the case as, by the exercise of due diligence, he might have ascertained. As the evidence conclusively shows that the defendants disclosed to their attorney all the material facts bearing upon the case before acting upon his advice, the action complained of, if erroneous, cannot be prejudicial. Moreover, the instruction in effect is the same as the one given and approved by the Supreme Court of Oklahoma in *Ten Cate v. Fansler,* 10 Okla. 7, 65 Pac. 375. In the case of *King v. Apple River Power Co.,* 131 Wis. 575, 111 N. W. 668, 120 Am. St. Rep. 1063, 11 Ann. Cas. 951, the rule is stated as follows:

"The term 'full and fair statement of all the facts' does not mean all the facts discoverable, but all the facts within the knowl-

edge of the person making the statement. If he knows facts enough, either personally or by credible information, which, when fairly and fully stated to reputable counsel for the purpose of obtaining legal guidance, results in advice which is honestly followed in commencing the criminal proceedings, that is sufficient."

Other cases to the same effect are: *Brinsley v. Schulz et al.,* 124 Wis. 426, 102 N. W. 918; *Stewart et al. v. Sonneborn,* 98 U. S. 187, 25 L. Ed. 116; *Holliday v. Holliday,* 123 Cal. 26, 55 Pac. 703; *Dunlap v. Insurance Co.,* 109 Cal. 365, 42 Pac. 29; *Hess v. Oregon German Baking Co. et al.,* 31 Ore. 503, 49 Pac. 803; *Lipowicz v. Jervis,* 209 Pa. 315, 58 Atl. 619; *Johnson v. Southern Pac. Co. et al.,* 157 Cal. 333, 107 Pac. 611.

The next assignment of error is to the effect that the court erred in refusing to give the following requested instruction:

"The court further instructs the jury that if they believe from the facts and circumstances, as given in evidence, the defendants had not probable cause for the arrest of the plaintiff, then, in such case, you may infer malice from want of such probable cause."

The court instructed the jury as follows:

"And you are instructed that if you believe from the facts and circumstances as given in evidence that the defendants had no probable cause for suing out the search warrant against the plaintiff, then you are at liberty to infer malice from such want of probable cause, if you find from the evidence that there was want of probable cause."

The instruction given seems fully to cover the proposition of law contained in the instruction requested and refused. Under such circumstances, it is obvious that the action of the court below cannot be held to be erroneous.

On the whole, we are satisfied that there was no reversible error committed by the court below. There is very little, if any, conflict in the evidence upon any material point, and, from that portion of it set out by counsel in their respective briefs, it is difficult to see how the jury could have found a verdict different from the one returned.

The judgment of the court below is therefore affirmed.

All the Justices concur.