## SOUTHERN ICE & UTILITIES CO. et al. v. BENCH.

No. 25091.   Jan. 26, 1937.

Edwin A. Ellinghausen and Guy L. Andrews, for plaintiffs in error.

Glenn O. Young, for defendant in error.

PER CURIAM. The defendant in error, Ralph Bench, as plaintiff, sued the plaintiffs in error, as defendants. for damages for malicious prosecution. The undisputed facts, material here, are set out hereafter. The defendant Catts was the manager of the defendant ice company's plant in the city of Sapulpa. Bench had theretofore been employed by the ice company, and worked in said city under the defendant's manager, Catts. At the time of the alleged malicious prosecution, there was in existence a certain ordinance of the city of Sapulpa, which, in substance, provided for the issuance of a license, the collection of a license fee and for medical examination of all· persons desiring to engage in the occupation of peddling, canvassing or soliciting orders for goods, wares and merchandise in said city, and declaring a violation thereof to be a misdemeanor. Bench was discharged from his employment by the ice company, and shortly thereafter began to purchase ice from an ice factory, outside of the city of Sapulpa, and to sell and deliver the same to the residents of said city without procuring a license to do so. These facts were called to the attention of the city attorney, Mr. Rockwood, and the same were discussed before the city commissioners. Catts also discussed the matter with the city attorney at his office in the city hall and furnished him with information relative to the alleged violation of the ordinance by Bench. The city attorney went over the matter with Catts, and he testified that he learned all he could about the facts and thereafter prepared and signed a complaint for violation of said peddling ordinance. He then called Catts to verify the complaint, which Catts did, signing the jurat attached thereto. A messenger was then sent to notify Bench that the complaint had been filed, and to ask him to appear and answer it. Bench refused and a warrant of arrest was issued. He was arrested and brought before the police judge, before whom the case was later tried. Bench was acquitted at the trial. There is some dispute as to whether Bench was acquitted on the merits or because of the alleged unconstitutionality of the ordinance. He then brought this action for malicious prosecution.

The case was tried to a jury and plaintiff recovered substantial damages against the defendants and each of them. From this judgment the defendants have appealed, assigning numerous alleged errors. However, we feel it necessary to consider but one assignment of error.

It is fundamental that in such actions as the one at bar, where the undisputed evidence, as it does here, reveals that the defendant made full and fair disclosure of the material facts within his knowledge, relating to the alleged criminal offense, to a duly authorized county or city attorney, and that such attorney, in good faith, advised him that a certain ordinance or law has been violated and an offense committed, and the defendant, in good faith, at the request of said attorney, swears to a criminal complaint in reliance upon such advice, then probable cause for such prosecution is established. (Empire Oil & Refining Co. v. Cambron, 172 Okla. 202, 44 P. (2d) 972.)

It is argued that the ordinance upon which the complaint is based was unconstitutional, and furthermore that it had no application to the facts of which complaint was made in the prosecution, and, therefore, that such prosecution would be malicious as a matter of law. It has been held that where the attorney, a public officer advising, and the person accepting the advice, are in good faith, and such person relies

on the advice of such attorney and participates in the prosecution, any error of the attorney that may be made in good faith is immaterial in considering the question of the existence of probable cause. ( 38 C. J. 403; Bryan v. Lee, 123 Okla. 22, 252 P. 2.)

It is next argued that because of the alleged malicious motive on the part of Catts and his employer in causing the prosecution to be instituted, such would be sufficient to sustain the action regardless of the existence of probable cause. This is not the law, and no cases are cited sustaining such contention. It is fundamental that if probable cause for a prosecution is found to exist, it constitutes an absolute defense to a suit for malicious prosecution, irrespective of the motive or malice in fact of the person prosecuting. (38 C. J., 400, sec. 27, and cases cited; Dollar Down Furniture Co. v. Blassingame, 157 Okla. 179, at page 183, 11 P. (2d) 512.)

At the conclusion of all of the evidence, the defendants and each of them moved for a directed verdict, which was overruled by the trial court and exceptions allowed. Since the undisputed evidence established probable cause as a matter of law, there was then no basis in law for plaintiff's suit, and the court erred in refusing to instruct a verdict for the defendants. (Empire Oil & Refining Co. v. Cambron, supra.)

For the reasons given, the case is reversed and remanded, with directions to the trial court to render judgment for the defendants.

The Supreme Court acknowledges the aid of District Judge Clarence Mills, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by this court.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.