PATRICK v. WIGLEY.

No. 34848. March 25, 1952.

*242 P. 2d 423.*

Owen J. Mowry, Albuquerque, N. Mex., and Kerr, Catlett, Lambert & Conn, Oklahoma City, for plaintiff in error.

Howard K. Berry, Oklahoma City, for defendant in error.

GIBSON, J. This is an action for malicious prosecution of a criminal proceeding. Defendant in error was plaintiff in the trial court, and in a jury trial he obtained a judgment against defendant, who appeals.

Defendant was a contractor living in Albuquerque, New Mexico. He owned a Twin Engine Cessna Airplane, which he had taken over on a bad debt. He had no use for a plane of that size and decided to sell it. Plaintiff was a licensed pilot and had flown the plane for the former owner. He convinced the defendant that there would be a better opportunity to make a sale in Oklahoma City than in Albuquerque.

The parties entered into a written contract on June 7, 1946, wherein defendant advanced plaintiff $250 to be used in transporting the plane to Oklahoma City where plaintiff was to undertake to sell the same for not less than $12,250. It was agreed that at Oklahoma City the plane "will be stored and that part of said amount ($250) will be used for the purpose of cleaning and reconditioning said plane and placing same in a highly serviceable condition for sale." It was further agreed that if the plane should be sold for more than $12,250 the parties would divide said amount and share alike after deducting expenses. Plaintiff flew the plane to Oklahoma City where it was stationed at Nuchols airport, and advertised for sale. In August defendant sent his attorney, Mr. Mowrey, to Oklahoma City to investigate the status of the plane. The investigation revealed that there were unpaid bills assessed against the plane by the airport for expenses incurred by plaintiff and that it had been used approximately 25 hours, judging from the amount of gasoline supplied by the airport. Plaintiff did not admit to the attorney that he had been flying the plane for hire, but stated that he was in financial straits and could not pay any amount that he might owe defendant. Following Mr. Mowrey's departure and on August 27, 1946, plaintiff filed suit against defendant alleging a salary due and certain expense money advanced, all in the sum of $950. He had the plane attached. Upon being advised of this suit defendant, Patrick, with his attorney, came to Oklahoma City, where they conferred with a member of the

Oklahoma county bar. These gentlemen had information that plaintiff had been flying the plane for hire and had collected various sums of money therefor and among such items was one for $23.50. The attorneys advised defendant that on the information at hand plaintiff was guilty of embezzlement and could be criminally prosecuted. It was suggested that they call in plaintiff's attorney, Mr. Berry, and advise him of these facts, and when so advised it was possible that Mr. Berry would cause the attachment case to be dismissed. Such a conference was had. The evidence as to what transpired is in sharp conflict. Defendant and his attorneys testified that they told Mr. Berry that they thought his client had misrepresented the facts to him, and that if Berry knew all the facts about his client that he could not want to go on with the attachment case, and that Berry replied that he thought his client had a good case. Mr. Berry further testified:

"A. Patrick said Wigley had his airplane tied up at the airport in attachment and he wanted it turned loose. He said Wigley was a thief, was a liar and he couldn't believe anything he said; that he had run a lot of bills on him; that he was no good, and if the lawsuit wasn't dismissed and the airplane released, that he was going to have him thrown in jail.

"Q. Did the Attorney, Mr. Catlett, say anything about the plaintiff, Mr. Wigley, in the presence of the defendant, Patrick? A. He said in substance that he believed he could get a charge filed against Wigley and cause his arrest if the matter wasn't disposed of so they could get their airplane and get out of town."

Defendant and his attorneys contradicted this testimony.

On the same day, September 5, 1946, defendant and his two attorneys went before the county attorney to complain of plaintiff's acts. They conferred with two assistant county attorneys. Following that conference the county attorneys' office prepared an information charging plaintiff with the offense of embezzlement of $23.50. Defendant verified the information before a justice of the peace; a warrant was issued and plaintiff was arrested and placed in jail, where he was confined for several hours when appearance bond was furnished. On September 13, 1946, a preliminary hearing was held, in which plaintiff was represented by his counsel and plaintiff was bound over for trial in district court. There plaintiff filed a motion to quash and set aside the information on the ground that no competent proof was introduced at the preliminary to show an illegal act on the part of plaintiff as defendant therein. The case was submitted to a judge of the district court on the justice's files and a transcript of testimony taken at the hearing and after argument of counsel the motion to quash was sustained and plaintiff was discharged on September 23, 1946. On that same day plaintiff filed his petition in the present case.

Plaintiff's petition states two causes of action, one for actual damages and the second for punitive damages. An amended petition was filed and issue was joined. During the trial the court sustained a demurrer to the cause of action for punitive damages. Judgment was rendered on a jury verdict awarding plaintiff $3,500.

In his brief defendant bases his entire argument on the proposition that the trial court erred in not rendering judgment for him on his request for peremptory instructions. It is contended that defendant established a complete defense to a suit for malicious prosecution on the ground that probable cause was shown to exist.

Defendant cites Southern Ice & Utilities Co. v. Bench, 179 Okla. 50, 64 P. 2d 668. Therein we said:

"In an action for malicious prosecution if probable cause for the prosecution be found to have existed, such constitutes a complete defense irrespective of the motive or malice of the person prosecuting.

"In an action for malicious prosecution, where the material facts proving probable cause are not disputed, and established probable cause for the institution of the prosecution, the basis of plaintiff's suit, the court erred in refusing to instruct a verdict for the defendants."

Defendant quotes from our opinion in Williams v. Frey, 182 Okla. 556, 78 P. 2d 1052:

"It is well settled that the term 'probable cause' does not mean actual or positive cause, for the determination of the question whether the person causing the warrant to issue had probable cause to believe the party guilty is, on its face, a different question from the question whether the party was actually guilty. Otherwise crime would often go unpunished, for it would follow as a matter of law that the affiant must suffer in damages if an acquittal for any reason should occur. Ordinarily, if the facts and circumstances known to the person causing the warrant to issue are such as to justify a man of prudence and caution in believing that the offense has been committed, it is sufficient. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; 56 C. J. 1214, and cases cited."

Other cases bearing on defendant's reliance upon advice of counsel and good faith are cited: El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 P. 397; Bryan v. Lee, 123 Okla. 22, 252 P. 2; Roby v. Smith, 40 Okla. 280, 138 P. 141; Empire Oil & Refining Co. v. Cambron, 172 Okla. 202, 44 P. 2d 972; Sims v. Jay, 53 Okla. 183, 155 P. 615.

In answer plaintiff says:

"In suit for damages for malicious prosecution and wherein 'probable cause' is relied upon as a defense, if the evidence is conflicting with reference to whether or not respondent made full and complete disclosures of information which he had, before signing information against complainant, so that reasonable doubt might exist, or reasonable men on the jury might disagree upon, the good faith of such disclosures to the prosecuting agency, then the trial court cannot conclude as a matter of law that probable cause existed but question of complainant's good faith in instituting prosecution, without probable cause, is one of fact for jury."

In support of his proposition plaintiff cites: Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141; Drakos v. Jones, 189 Okla. 593, 118 P. 2d 388; General Motors Acceptance Corp. v. Davis, 151 Okla. 255, 7 P. 2d 157.

In Empire Gas & Fuel Co. v. Wainscott, supra, we said:

"In an action for malicious prosecution, where the prosecutor before instituting the criminal proceeding obtained the advice of the county attorney, but did not fully and fairly communicate to him all of the material facts bearing on the case of which he had knowledge or could have obtained same by . . . diligence and inquiry, acting upon the advice thus received does not establish the absence . . . . . or negative a want of probable cause, and an action for malicious prosecution may be maintained."

Plaintiff says that defendant and his attorneys did not fully and fairly communicate all of the material facts to the county attorney in instigating this prosecution.

The record reflects that plaintiff did not advise the county attorney's assistants that they had informed plaintiff's attorney that unless the attachment was discharged he would have plaintiff thrown in jail. The evidence was in conflict as to whether that conversation had occurred. Plaintiff did not advise the county attorney that he had made no demand on plaintiff for payment of the $23.50 allegedly embezzled; nor was the county attorney advised that defendant had prepared and would file a cross-petition in the civil suit including therein the amount allegedly embezzled. It may be that if the county attorney had been advised that the same money item being made the basis of the criminal action was being included in a cross-petition to be

filed immediately in a civil action between the parties that he would have refused to file the criminal case but would have preferred leaving the parties to their respective remedies in the civil suit. One assistant county attorney testified that he knew an attachment suit was pending but it is not revealed that he was informed that plaintiff in that suit was the plaintiff herein.

The reason for the rule announced in the above cases cited by defendant as to probable cause is based on factual situations where probable cause is established by "undisputed evidence", as in the Southern Ice & Utilities Co. case and the El Reno Gas & Electric Co. case, supra, or is "conclusively shown", as in the case of Roby v. Smith, supra. In all such cases it was found that all material facts within the knowledge of the prosecuting witness were fairly and fully disclosed to prosecuting counsel, and that the resultant prosecution was instituted in good faith.

Most of the above cases cited by defendant were cited with approval by this court in the case of Drakos v. Jones, supra, and were distinguished from the cases cited by plaintiff. In the Drakos case, with reference to the cases upon which defendant relies, we said:

"It is well settled, however, that if in his statements to the attorney said informer misrepresents or conceals such facts the doctrine does not apply and he cannot rely upon the attorney's advice to establish probable cause for his action."

Then follows citation to the identical cases cited by plaintiff herein. The Drakos case is similar to the instant case in many respects. There as here the error complained of was the denial of defendant's request for a directed verdict, such request being predicated on a full and fair disclosure of facts to the county attorney and existence of probable cause. In both cases a jury by its verdict indicated a belief that defendant concealed material facts from the county attorney.

We have reviewed the evidence in this case. There were certain facts, material in a malicious prosecution case, admittedly within the knowledge of defendant and his attorneys, that were not revealed to the county attorney. There were other facts which were material if found to be true but the evidence was in conflict as to whether such facts existed. Under this state of the record it cannot be said that probable cause was established by "undisputed evidence" as was shown in various cases cited by defendant. Under this record the case was properly submitted to the jury. With reference to the contentions of the parties in this case we find the law summarized in Allison v. Bryan, 59 Okla. 677, 151 P. 610, wherein this court said:

"In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause, and where the uncontroverted evidence shows that the prosecutor laid all material facts within his knowledge before a competent attorney, and acted in good faith, upon the advice given, he is exonerated from all liability; but if there is any evidence reasonably tending to prove that the prosecutor instigated the proceedings with a view of gaining some private advantage, or did not give the attorney a full and fair statement of all the material facts in his knowledge, then the case should be submitted to the jury for their determination."

And where the evidence is conflicting on the question of probable cause, the court should submit to the jury for determination the matter of the weight of the evidence, with appropriate instructions as to what facts would or would not constitute probable cause. Empire Oil & Refining Co. v. Cambron, supra. This case was so submitted. Neither party raises any question as to the propriety of the given instructions. Under the record before us the trial court did not commit error in overruling the request of defendant for peremptory instructions, and since this is the sole question submitted for our consideration, the judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, and O'NEAL, JJ., concur. JOHNSON and BINGAMAN, JJ., dissent.