## MILLER v. BOURNE.

No. 34936.    April 21, 1953.

*256 P. 2d 431.*

Tolbert & Gillespie and J. Percy Hughes, Hobart, for plaintiff in error.

Carder & Carder, Hobart, for defendant in error.

DAVISON, J. This action was brought by Loyd W. Bourne, hereinafter called plaintiff, to recover in damages for malicious prosecution against the defendants, Cager A. Miller and Mrs. Cager A. Miller. The action was dismissed as to Mrs. Miller and the cause tried to a jury. A verdict was returned against Cager A. Miller for $500. Judgment was rendered thereon, and defendant appeals.

Plaintiff was a tenant on farm property owned by defendant under a three year lease commencing January 1, 1946, and terminating December 31, 1948. The defendant reserved an extra house on the premises where he stayed when in the community. Most of his time was spent in Illinois and other places while employed on various jobs. In July, 1948, a crop of alfalfa was cut on the premises and 264 bales harvested. One-third of this under the lease belonged to defendant. Defendant was absent at the time of the cutting and returned from Illinois on August 12, 1948. Defendant testified that between August 12, 1948, and September 6, 1948, he went to see Richard Henson who cut the hay for plaintiff, and was told by him that he had cut 340 bales for plaintiff; that defendant was told by Sam Roberts that Roberts bought 100 bales from plaintiff and that plaintiff told Roberts the hay was rent hay. On the 6th day of September, 1948, defendant went to the premises where plaintiff resided. Plaintiff and Thurman McCullar were working on plaintiff's car. Defendant testified that he asked plaintiff where the rent hay was, and when told by plaintiff that he had sold the same, asked plaintiff for his rent. Plaintiff denies this, and said defendant asked him where his hay was and plaintiff told the defendant he had sold it. Plaintiff sold the remaining hay on the 6th day of September, 1948, the same day, to Thurman McCullar, and on the 7th day of September, 1948, deposited the defendant's share in a bank at Snyder, Oklahoma. On the morning

of September 7, 1948, defendant went to the law office of Percy Hughes at Hobart, Oklahoma, and Percy Hughes and defendant went to the office of the county attorney, where, after talking with the assistant county attorney, a warrant was obtained for embezzlement of 113-1/3 bales of hay.

On the last above-mentioned date defendant served notice on plaintiff to quit the premises for failure to pay rent and other reasons assigned. This notice was served on plaintiff by Ed Killingsworth. At the time Killingsworth served this notice, plaintiff stated to him that he had placed the rent money in the bank at Snyder, Oklahoma. Plaintiff was thereafter, on the same day, arrested and released on bond.

When the embezzlement case was tried, Richard Henson testified that he baled 264 bales of hay for plaintiff. This was explained by Henson at the present trial by stating that he also baled 76 bales of hay for plaintiff on another place. It was also brought out on cross-examination in the present case that at the time he conveyed the information to the defendant, Henson may have forgotton that the 76 bales of hay were baled on another place. The criminal action was dismissed when Henson concluded his testimony.

Defendant filed a forcible entry and detainer action against plaintiff. Plaintiff did not appear in the justice of the peace court and judgment was taken against him. He appealed the case to the district court and it was pending at the time of the trial of the case under consideration.

Defendant testified that he made a complete, full and honest statement of all of the facts with relation to the case, both to Percy Hughes, his attorney, and Fred Cunningham, assistant county attorney. Percy Hughes testified that he advised defendant he could put plaintiff off the place and that plaintiff was also guilty of embezzlement. Plaintiff denied that defendant ever asked him for the rent. The evidence does not show that plaintiff ever paid any rent to defendant during the term of the lease. So far as the record shows, he either paid rent to a lawyer in Snyder, Oklahoma, or to the son-in-law of defendant. During 1947 a controversy arose as to the rentals due from plaintiff to the defendant for wheat. This was occasioned by a dispute over the terms of an agreement between plaintiff and defendant that plaintiff be allowed the wheat on the premises in consideration of having the place terraced. It ended after a long discussion in a payment by defendant to the plaintiff of $17.20 over and above the wheat raised and harvested on the place that year. This caused ill will, especially on the part of defendant. Defendant testified that he read and reread his contract for the purpose of finding a way to get plaintiff off the place and then went to see his attorney.

This is substantially the testimony submitted at the trial. Other facts and circumstances will be mentioned in the discussion of the issues presented on appeal.

It is first argued that the court erred as a matter of law in submitting the issues to the jury because the evidence disclosed beyond dispute that the defendant acted on probable cause. In Allison v. Bryan, 50 Okla. 677, 151 P. 610, it is stated:

"* * * What constitutes probable cause is a mixed question of law and fact. Johnson v. Miller, 63 Iowa 529, 17 N. W. 34, 50 Am. Rep. 758. If there is no controversy over the facts, or if the facts are conceded, then it becomes a pure question of law for the court to determine whether there was probable cause or not. It therefore becomes a duty of the court, when evidence has been given to prove or disprove the existence of probable cause, to submit to the jury its credibility, and what fact it proves, with instructions that the facts found amount to proof of probable cause, or that they do not. Johnson v. Miller, supra."

See, also, 34 Am. Jur., page 797, Malicious Prosecution, §163.

Defendant testified that he talked to plaintiff about the hay but the one time. He says he asked him for the rent. Plaintiff denies this. Within 24 hours after he had learned that the hay had been sold, and as early as 9 o'clock the following day according to the testimony of his attorney, Percy Hughes, he was in Hobart for the purpose he says of getting plaintiff off the place. He had read and re-read his contract for that purpose. It is obvious that this reading of the contract was done prior to the time he learned that the hay had been sold. Plaintiff stated that when the defendant asked him where the hay was, and he told him it had been sold, he turned and walked away. It is reasonable to believe some question would have been asked of the plaintiff as to whether he had paid his son-in-law, as to how much hay had been harvested, and to whom the hay had been sold. The jury had a right to believe that the defendant did not care whether the rent had been paid, but sought some reason to charge that it had not been paid in order to get the plaintiff off the place.

We are of the opinion and hold that there was evidence to submit the case to the jury and that the court did not err in refusing to direct a verdict on the ground that the evidence showed that the defendant had probable cause.

In the second proposition defendant argues that he made a full, fair and honest disclosure of all of the known facts to his counsel and the assistant county attorney and that he is therefore absolved from any responsibility for subsequent action. He cites Roby v. Smith, 40 Okla. 280, 138 P. 141, which approves an instruction that if the defendant made in good faith a full, correct and honest disclosure of all of the material facts bearing upon the case of which he had knowledge and acted in good faith on advice of counsel in procuring the warrant to be issued, then the verdict should be for the defendant. We need not discuss this rule and whether it has been modified in subsequent opinions. See Em-

pire Oil and Refining Co. v. Cambron, 172 Okla. 202, 44 P. 2d 972; Williams v. Frey, 182 Okla. 556, 78 P. 2d 1052. The evidence as to whether he made a fair, full and true disclosure is in serious conflict. Defendant says he told the county attorney that the plaintiff had refused to pay the rent. He also testified that he advised Henson that he was checking up on the rent due him from plaintiff. Plaintiff says defendant never asked for the rent. Henson denied that defendant ever told him that he was checking up on the rent. There is likewise a conflict in the testimony as to what was said by Sam Roberts who bought the 100 bales of hay from plaintiff as to whether it was rent hay. In Drakos v. Jones, 189 Okla. 593, 118 P. 2d 388, it is stated:

"* * * Ordinarily, one who institutes legal proceedings against another in good faith and upon the advice of a licensed attorney after a full and truthful disclosure of the material facts, within his knowledge or reasonably obtainable, concerning the controversy involved, may be said to have probable cause for so acting. Williams v. Frey, 182 Okla. 556, 78 P. 2d 1052; Empire Oil & Refining Co. v. Cambron, 172 Okla. 202, 44 P. 2d 972; Bryan v. Lee, 123 Okla. 22, 252 P. 2; Mayer v. Goodman, 94 Okla. 12, 220 P. 656; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 P. 397. It is well settled, however, that if in his statements to the attorney said informer misrepresents or conceals such facts the doctrine does not apply and he cannot rely upon the attorney's advice to establish probable cause for his action. See Williams v. Frey, supra; General Motors Acceptance Corporation v. Davis, 151 Okla. 225, 7 P. 2d 157; Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141; Nelson v. Peterman, 119 Okla. 125, 249 P. 333; Allison v. Bryan, 50 Okla. 677, 151 P. 610. * * *"

Bearing in mind that the objection in the present case is not to the instruction given but to the submission of the issue to the jury, we find no error in failing to direct a verdict for the defendant. The issue as to whether he

had made a full, true and honest disclosure to his attorney and to the assistant county attorney was properly submitted to the jury.

Judgment affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, CORN, WILLIAMS, and BLACKBIRD, JJ., concur.