**Ward LEWIS, Appellant,**

v.

**CRYSTAL GAS COMPANY, an Oklahoma Corporation and Arlie J. Nixon, Appellees.**

**No. 47028.**

Supreme Court of Oklahoma.

Feb. 18, 1975.

Rosenstein, Fist & Ringold by Jane Wiseman and John S. Turner, Tulsa, for appellant.

Fitzgerald, Houston & Worthington by Donald L. Worthington, Stillwater, for appellees.

HODGES, Vice Chief Justice.

This is an appeal by Appellant, Ward Lewis, (Lewis) from an order sustaining a motion for summary judgment filed by Crystal Gas Company (Crystal) and Arlie J. Nixon (Nixon) and from an order overruling a combined motion to reconsider and motion for new trial.

Crystal and Nixon, Crystal's president and general manager, initiated an action against Lewis and others in July, 1969, alleging an unlawful and malicious interference by the defendants with Crystal's business. Lewis was dismissed as a party defendant in this action pursuant to his motion to dismiss filed in the case. Subsequently, Lewis filed an action against Crystal and Nixon alleging malicious prosecution because of the instituting of the former action against Lewis.

Crystal and Nixon answered by filing a general denial. They also specifically denied that the previous case against Lewis was maliciously instituted or commenced in malice; that the action was instituted and commenced without probable cause; and affirmatively alleged that the action was instituted and commenced after disclosure to reputable counsel of all the facts within Nixon's knowledge pertaining to Lewis, and that the advise of counsel was followed in filing the District Court action.

Interrogatories were served and answered by Crystal and Nixon. Depositions of Lewis, Nixon, and of Donald L. Worthington, Nixon's attorney, are on file in this cause.

The deposition of Nixon discloses that: the ultimate decision to name Lewis as a defendant in the original action was his decision, but he saw a number of attorneys before filing the action; that the attorneys became privy to all the information he possessed; and that he told his attorney, "all aspects of it". The deposition of the attorney for Nixon in the proceeding for alleged business interference discloses that the decision to name Lewis as a defendant in the original action was a decision he made, and that Nixon accepted that decision.

The attorney testified that:

" * * * The decision to name Mr. Lewis as a defendant was a decision made and Mr. Nixon had, of course, the final decision. He accepted it because this was my field and he took my advice."

Lewis offered no material or affidavits in contravention to the motion for summary judgment or to the evidence disclosed by the depositions.

The trial court sustained the motion for summary judgment pursuant to 12 O.S. 1971, Ch. 2 App. Rule 13, which provides:

"A party may move for judgment in his favor, where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial contro-

versy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the other facts or issues."

The five essential elements in an action for malicious prosecution are the bringing of an action, its successful termination in favor of the plaintiffs, want of probable cause, malice and damages. Towne v. Martin, 196 Okl. 510, 166 P.2d 98, 100 (1946).

One who initiates civil proceedings against another has probable cause for so doing if he reasonably believes in the existence of facts upon which his claim is based, and that under such facts the claim may be valid at common law or under an existing statute. The fact that the action which is alleged to constitute the malicious prosecution has been terminated in favor of the complaining party is of itself insufficient to establish lack of probable cause on the part of the defendant in an action for malicious prosecution. Gray v. Abboud, 184 Okl. 331, 87 P.2d 144, 147, 148 (1939).

Probable cause constitutes a complete defense in an action for malicious prosecution. Upon proof of probable cause other elements such as malice and conspiracy are immaterial. Towne v. Martin, 166 P.2d pp. 98, 100, supra.

As a general rule, where defendant acts in good faith on the properly secured advice of counsel, he is relieved from liability for a civil action instituted by him. It is well settled in this jurisdiction that where the uncontroverted evidence shows that a party has communicated all the facts bearing on the case within his knowledge before a competent attorney, and has acted honestly and in good faith upon the advice given, then the absence of malice is established, the want of probable

cause negatived, and he is exonerated from all liability. Under these circumstances, an action for malicious prosecution will not lie. Thelma Oil & Gas Co. v. Sinclair Gulf Oil Co., 97 Okl. 5, 222 P. 686, 688 (1924).

In an action for malicious prosecution, the burden of proof is upon the plaintiff to prove want of probable cause. Where the uncontroverted evidence reveals that all the material facts were presented before a competent attorney and that the action was filed in good faith upon the advice given, this is a complete defense to the charge that there was no probable cause and the defendant is exonerated from all liability. Missouri, Kansas & Oklahoma Coach Lines v. Meister, 330 P.2d 579, 582 (Okl.1958); Lotts v. Whitworth, 76 Cal.App.2d 601, 173 P.2d 823, 825 (1946); Allison v. Bryan, 50 Okl. 677, 151 P. 610 (1915) cited in Jones Leather Co. v. Woody, 67 Okl. 184, 169 P. 878, 880 (1918).

Probable cause for the institution of an action does not mean legal cause. If it did, every plaintiff who failed to recover in his lawsuit could be liable to an action for malicious prosecution. Probable cause has been defined as reasonable cause that of an honest suspicion or belief on the part of the instigator thereof, founded upon facts sufficiently strong to warrant the average person in believing the charge to be true. Lotts v. Whitworth, 173 P.2d p. 825, supra.

In a civil action for damages for malicious prosecution where the defendant relies upon advice of counsel as a defense, the disclosure to counsel required of him before acting on his advice is not a disclosure of all facts discoverable, but of all facts within his knowledge. It is sufficient that the facts known either personally by defendant, or by credible information which he had reasonable grounds to believe, are fairly and fully presented to reputable counsel for the purpose of obtaining legal guidance and as the result advice is given which is honestly followed in com-

mencing the proceedings. Williams v. Frey, 182 Okl. 556, 78 P.2d 1052, 1056 (1938); Roby v. Smith, 40 Okl. 280, 138 P. 141 (1914), cited in Jones Leather Co. v. Woody, 169 P. p. 880, supra.

 The reason underlying the rule is that counsel is the better judge of whether facts imparted to him are sufficient. The party has as much right to rely on counsel's advice in this respect as in other matters. When a party consults counsel in this state, and make a complete, full, frank disclosure of the facts within his knowledge, he has the right to rely on counsel's advice not only as to the legal effect but also as to the legal sufficiency of the facts furnished. Williams v. Frey, 78 P.2d p. 1056, supra.

The burden is upon the plaintiff to establish both malice and lack of probable cause. In this instance all that Lewis established was that he was dismissed as a defendant in the prior proceedings.

Nixon, and the attorney for Crystal and Nixon testified to facts establishing a complete defense in their depositions. There was no evidence presented to rebut their testimony, nor to allege the falsity thereof.

If no controversy exists over the facts, or if they are conceded, probable cause is a pure question of law for the Court. Miller v. Bourne, 208 Okl. 362, 256 P.2d 431 (1953).

If the defendant introduces evidence indicating that there is no substantial controversy as to a fact material to plaintiff's cause of action, and this fact is in the defendant's favor, the plaintiff has the burden of showing that evidence is available which would justify trial of the issue. This court in Runyon v. Reid, 510 P.2d 943, 946 (Okl.1973), quoting from Aktiengesellschaft Der Harlander, etc. v. Lawrence Walker Cotton, 60 N.M. 154, 288 P.2d 691, said:

"'* * * the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law, but * * * when he has made a prima facie showing to this effect the opposing party cannot defeat a motion for summary judgment and require a trial by a bare contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue.'

"When on the basis of established facts, the plaintiff is entitled to summary judgment as a matter of law, the defendant contending and arguing that there is a genuine issue of material fact cannot and will not make it so."

It must be held that such lack of probable cause as is required to support an action for malicious prosecution was not shown in this case.

Affirmed.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.