Joe K. PAGE, Appellee,

v.

Ralph ROSE and Claudie Clubb, Appellants.

No. 47436.

Supreme Court of Oklahoma.

Dec. 23, 1975.

Rehearing Denied March 9, 1976.

Roehm A. West, Tulsa, Carol J. Russo, Legal Intern, for appellee.

Larry Derryberry, Atty. Gen., Todd Markum, Asst. Atty. Gen., Ross N. Lillard, III, Legal Intern, for appellants.

DAVISON, Justice.

This is an appeal from judgment in favor of plaintiff-appellee, Page, in the amount of $1,500. each against defendants-appellants, Rose and Clubb, in an action for malicious prosecution.

The facts may be briefly summarized as follows:

The appellee, Page, a practicing attorney in Poteau, Oklahoma, on the night of August 3, 1973, went from his home in Poteau to his cabin on top of Kaimichi Mountain, some miles away. Somewhere nearby lies Honubby Mountain in deer country and somewhere on Honubby Mountain there is a "deer lick." Page testified he doesn't own the "lick," but puts salt there every year for the deer.

After dinner at his cabin, Page was driving to visit neighbors and had the first of five encounters that night with Rangers Clubb and Ollar. The appellant, Rose, has been a game ranger for over 21 years and Ranger Clubb for over 18 years. A defendant below, Ollar, against whom this case was dismissed after trial, has been a game ranger for some time.

On the first three encounters Page had with Rangers Clubb and Ollar on the mountain roads, the meetings were friendly and they made inquiries of where each other was going. As the two rangers were patrolling the area, they became suspicious of Page and radioed Ranger Rose at home and Rose went to the "deer lick" on Honubby Mountain, arriving after eleven o'clock that evening. He parked his car some 40 to 70 yards from the "lick," turned his lights out and waited. Some 30 minutes later, Rangers Clubb and Ollar radioed Rose that Page was coming up the road.

Ranger Rose testified that Page drove by the "lick," stopped, backed up to it, turned his headlights off and put a spotlight on the "lick" for a half minute or so and then put his headlights back on and started to drive up the road. Rose turned his headlights and "red" light on and blocked the road so Page had to stop.

Ranger Rose went to Page's car and saw in the car for the first time a gun—a carbine. Rangers Clubb and Ollar arrived shortly thereafter and Page was told he was under arrest and was asked to hand over the spotlight and gun, which he refused to do.

Page did not get out of the car, but rolled up the car window and drove around Rose's car and proceeded to his cabin, either being followed or chased by the rangers. In the meantime, Rose called the Assistant District Attorney about the matter. At the cabin, Page refused to come out and surrender the light and gun, whereupon the rangers departed.

The next Monday morning Rangers Rose and Clubb went to the Assistant District Attorney's office and two misdemeanor charges were filed against Page. One was for obstructing an officer and the other for headlighting under provision of 29 O.S. § 524. This Section reads as follows:

"It shall be unlawful for any person to take, catch, capture or kill, or attempt to do so, any deer or other game animal by the use of a spotlight or any other powerful light at night, or by what is commonly known as 'headlighting,' in any area that has been designated by the State Game and Fish Commission as being frequented by deer. Possession of firearms and a spotlight or other powerful light in any such area at any time shall be prima facie evidence of a violation of the provisions of this Section, and such firearms and spotlight or other powerful light in such area shall be subject to immediate seizure by any game and fish ranger, sheriff or deputy sheriff, or other peace officer, and such firearms and spotlight or other powerful light shall be subject to forfeiture to the State of Oklahoma in a proceeding brought for such purpose in the District Court of the county in which the same has been found or seized. Any person violating any of the provisions of this Section shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not to exceed One Thousand Dollars ($1,000.00), and by imprisonment in the county jail for not less than ten (10) days nor more than one (1) year, or by both such fine and imprisonment."

The Statute quoted above was in effect at the time of the events recited herein.

Trial on these misdemeanor charges was held on November 2, 1973, in the District Court of LeFlore County and the defendant, Page, was found not guilty.

Thereafter, Page filed this action against the three rangers for false arrest and malicious prosecution. This case was tried to a jury in the District Court of LeFlore County and resulted in a verdict of $1,500. each against Rangers Rose and Clubb·on the malicious prosecution action only. The appeal herein is from that judgment.

The general rule affecting malicious prosecution cases has been stated by this Court in *Towne v. Martin et al.,* Okl.,

196 Okl. 510, 166 P.2d 98 (1945) as follows:

> "In an action for malicious prosecution, there are five essential elements, (1) the bringing of the action, (2) its successful termination in favor of the plaintiffs, (3) want of probable cause, (4) malice and (5) damages."

The appellants' brief raises essentially three objections to this judgment.

In Proposition I and again in Proposition V, the appellants urge that the trial court committed error in permitting the Journal Entry of Judgment in the criminal prosecution case to be read to the jury. In Proposition II, the appellants assert that the defendants, being peace officers, were immune from civil action for malicious prosecution based on acts committed in the scope of their employment. In Proposition II and IV, the appellants raise the question that no sufficient proof by the plaintiff was made of lack of probable cause.

In view of the disposition we make of this appeal on the question of probable cause, we find no necessity to decide the questions raised in appellants' Propositions III and IV, the appellants raise the question the Journal Entry in the criminal case to the jury and the question of the immunity of the game rangers from actions for malicious prosecution.

■ With respect to appellants' Propositions III and IV, regarding the question of probable cause, we note that this Court has said that the lack of probable cause is an essential element of plaintiff's case in a malicious prosecution action. *Towne v. Martin, et al,* supra. This Court has also held that the burden of proving a lack of probable cause is upon the plaintiff in a malicious prosecution case. *Patrick v. Wigley,* Okl., 206 Okl. 194, 242 P.2d 423 (1952). We have said a number of times that probable cause constitutes a complete defense in a malicious prosecution case. *Missouri, Kansas and Oklahoma Coach Lines v. Meister,* Okl., 330 P.2d 579 (1958). The question presented by appellant is whether or not plaintiff has proved

lack of probable cause. In viewing the evidence, we are of the opinion the plaintiff has not shown lack of probable cause and, hence, the judgment here must be set aside.

Here the offense charged under the statute was that of killing or attempting to kill game animals by use of a spotlight. If the statute stopped at that point, the question would be entirely different, but the legislature has provided in that statute that the mere possession of firearms and spotlight is prima facie evidence of the offense and the act goes on to provide that the officers may seize the firearms and spotlight.

■■ The appellee makes the point that Page had been stopped before they knew about the gun, but the validity of the arrest is not before this Court since the only judgment rendered was on a malicious prosecution action and the malicious prosecution action was based upon the acts of the game rangers in initiating the prosecution. Hence, it seems to us that the evidence is undisputed that Page was in the area with a gun and spotlight and therefore, there was a prima facie case of a violation. This would support the probable cause lying back of the prosecution. Presumably at the criminal trial, Page introduced evidence to offset a question as to a reasonable doubt of his guilt. Of course, reasonable doubt in the criminal case would not negative the probable cause in the civil action. To hold otherwise would be almost tantamount to saying that any person found not guilty of a criminal charge would automatically be able to show lack of probable cause in a malicious prosecution action involving such charge.

■ In connection with the question of probable cause, we note that during the time of the encounter with Page, the rangers called the assistant district attorney and after that call left Page's cabin when he refused to come out and surrender the gun and spotlight. This same assistant district attorney tried the criminal case and in this action filed an affidavit in support of a Motion for Summary Judgment herein in which he states he advised Ranger Rose in

conversation, on the night of the encounter, that upon the statement of Rose that he observed Page in possession of the gun and spotlight that it was his opinion that the facts "which he related to me" constituted violation of the headlighting law. The same district attorney testified at the trial and nothing in his testimony would indicate other than his advice was that the possession of the gun and spotlight was sufficient to justify the criminal charges. In testifying as to what Ranger Rose told him, we see nothing that would indicate the rangers had misstated the facts. He said that Rose advised him that Page was seen by him spotlighting a "deer lick" and that when he went up to the car he spotted a gun in the car. The assistant district attorney testified that there were no surprises as far as the rangers' testimony in the criminal trial was concerned and when asked the question, "You felt that they had made a full disclosure of the facts to you?" His reply was, "yes."

We can only assume from this testimony that the prosecutor with whom the rangers conferred was properly informed of the facts and that he felt that these facts justified filing the charges. There is nothing in the record to indicate that anything was told him beyond the physical facts that are undisputed, namely that Page was in the area at night alone in the car, that he turned a spotlight on the "deer lick" and that he was in possession of a spotlight and a gun. The situation could be different if other facts pointing to the guilt of Page were told to the prosecutor. Here, the only thing the officers talked about or relied on was the possession of the spotlight and gun. The record is clear that the prosecutor felt that the mere possession of a spotlight and gun in the area was enough to justify the charges. This evidence, aside from its bearing on the question of probable cause, indicates a defense in itself to the malicious prosecution charge upon which this judgment is based. This Court's Syllabus No. 4 in *Missouri, Kansas and Oklahoma Coach Lines, Inc. v. Meister,* supra, reads as follows:

"Where a full and fair disclosure of the material facts has been made by the person procuring the criminal prosecution to the prosecuting attorney for the government, and his advice is honestly sought and acted on in good faith, this negatives the absence of probable cause and is a complete defense to an action of malicious prosecution by the person accused."

The appellee's position on the question of full disclosure to the prosecutor is that the prosecutor was not told that the gun was not seen until after Page was stopped and Rose went to the car. Rose did testify that he did not tell this to the prosecutor or did not recall telling him this fact. We think this is a fact the prosecutor would have to know from the circumstances otherwise, but regardless, this matter is answered by the prosecutor's testimony. The prosecutor was asked this question, "Do you recall the specifics as to what Ranger Rose told you over the phone that night?" The prosecutor's answer was, "Well, I was advised that he had stopped the plaintiff; that the plaintiff was seen by him spotlighting a deer lick and that when he went up to the automobile that he also observed a gun in the car."

■■ Whether an arrest was made or not, and whether, if made, it was a false or illegal arrest, is not directly before us. The suit was also for false arrest, but no verdict or judgment was based thereon. The only judgment was on the cause of action for malicious prosecution. We could not sustain a judgment on a malicious prosecution action solely on the basis that a false arrest had been made, when in the same suit the jury did not see fit to render a verdict on the false arrest action. In the end, we must reach the conclusion that the rangers, patrolling the area in enforcement of game laws, had a right, upon seeing a car with its lights out and with a spotlight therefrom on a "deer lick," to stop the car and make inquiry.

■■ We can only speculate as to the effect of the alleged malice of the rangers in this case. Page presented testimony

that the rangers were very unhappy with him over a game law violation case where he had represented an accused who was acquitted. Assuming that malice entered into the ranger's actions in this situation or even prompted a vigilance in enforcement that they might not have otherwise undertaken, we do not feel the officers' actions must fall if otherwise proper and legal. To hold otherwise would be to say that a valid act cannot stand if prompted by a bad motive. Malice does not establish lack of probable cause. See *Gray v. Abboud,* Okl., 184 Okl. 331, 87 P.2d 144 (1939).

We find and hold that the appellee did not prove lack of probable cause and, therefore, the trial court is reversed and is directed to enter judgment for the defendants.

WILLIAMS, C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.