Joe K. PAGE, Appellee,

v.

Ralph ROSE and Claudie Clubb, Appellants.

No. 50401.

Supreme Court of Oklahoma.

June 28, 1977.

Joe K. Page, Poteau, for appellee.

Mary Ann Fairlamb, Talihina, for appellants.

DAVISON, Justice:

In the District Court of LeFlore County, Joe K. Page, appellee, successfully maintained a suit against appellants, Ralph Rose and Claudie Clubb, on the grounds of malicious prosecution arising out of an arrest of appellee Page by the appellants, while they were acting in their official capacity as Park Rangers. Rangers Rose and Clubb perfected an appeal from the verdict and judgment against them in the District Court, and this Court in *Page v. Rose*, Okl., 546 P.2d 617 (1975), reversed the trial court.

Prior to the mandate being issued by this Court in the original appeal, Rangers Rose and Clubb filed an Affidavit of Cost, asking this Court to assess costs, including the costs of preparing the transcript and record on appeal, against appellee Page. The Statement of Cost and the Affidavit attesting to its accuracy read as follows:

"STATEMENT OF COSTS PAID
BY APPELLANTS

Five Hundred Forty-one Dollars and Fifty Cents ($541.50), for cost of transcript of record on appeal, as shown by a copy of the Statement of the Court Clerk attached hereto as Exhibit A.

WHEREFORE, said appellants ask that these costs be allowed and taxed against appellee herein.

RALPH ROSE, APPELLANT

CLAUDIE CLUBB, APPELLANT

STATE OF OKLAHOMA ⎫
COUNTY OF LeFLORE ⎬ SS
⎭

Ralph Rose and Claudie Clubb, of lawful age, on oath state that they are appellants above named; that the foregoing Statement of Costs *paid on behalf of appellants in this cause* is correct to their own knowledge and belief,

and that said amounts have been paid. [Emphasis added]

RALPH ROSE, APPELLANT

CLAUDIE CLUBB, APPELLANT ."

Thereafter, appellant Rangers filed a Motion to Spread the Mandate of Record and to Tax Costs, in accordance with Mandate of this Court. In the Mandate issued by this Court, we taxed costs against appellee Page, including the cost of preparing the transcript and record. The trial court refused to award the appellant Rangers costs for preparation of the transcript and record. Appellant Rangers have perfected an appeal to this Court, seeking review of the trial court's order which denied them costs for the preparation of the transcript and record.

At the hearing in which the court considered the appellant Rangers' Motion to Spread the Mandate, the trial court learned that the appellants themselves had not paid for the preparation of the record and transcript, but that fellow Park Rangers had contributed to a fund, and the fund paid for the preparation of the record *for the benefit of appellants.* Based on this, the trial court refused to award costs for the preparation of the record, reasoning that the appellants were not entitled to such costs as they had not filed a verified Statement of Costs, which complied with the requirements of Rule 32 of the Supreme Court of Oklahoma. Rule 32 of the Supreme Court of Oklahoma provides:

"The Clerk shall not tax as costs any expense of case-made, transcript or record, unless the person claiming the same, prior to the issuance of the mandate in the cause, shall file with the Clerk a verified statement of such expense showing that *he has paid the same.*" [Emphasis added]

In refusing to award costs for the preparation of the transcript and record, the trial court erred in two respects: First, it misinterpreted the provisions of Rule 32, quoted

above. Secondly, it refused to follow the mandate of this Court.

The intent of Rule 32 is to insure that parties will only be reimbursed for costs expended on their behalf. Thus, before a prevailing party can recover for costs expended for the preparation of the record, he or she must show that such costs were expended on his or her behalf; this is to prevent parties from being reimbursed for costs, when in fact those costs were not expended in his or her behalf, but were expended on behalf of other parties in the litigation. The purpose of the verified statement required by Rule 32 is to insure that parties are reimbursed only for those expenses which were incurred on their behalf. The material issue is: Which party in the lawsuit incurred the expense, not how the funds to meet the expenses were raised. It is immaterial how a litigant manages to raise the funds in order to defray the cost of litigation. If a "rich uncle", friends, neighbors, associates, or other generous individuals or entities are kind enough to defray the costs of litigation, or to help defray the costs, the litigant is indeed lucky, but the receipt of such help does not deprive the litigant of his or her right to be reimbursed for the costs of litigation incurred. It is sufficient that the funds to defray the costs were expended *for the benefit of* or *on behalf of a litigant.*

In interpreting Rule 32 of this Court, the trial court held that before a litigant is entitled to be reimbursed for costs expended for the preparation of a case-made, the funds expended had to come directly out of the litigants pocket. Such an interpretation is, as stated above, incorrect and too narrow and restrictive. In so holding, we note that by mandate of this Court, appellants were entitled to be reimbursed for the costs of preparing the record and transcript, and we note that the trial court did not have the discretion to ignore this Court's mandate. For the above stated reasons, we reverse the order of the trial court, and order the trial court to spread the mandate of this Court issued in Case No. 47,436, Okl., 564 P.2d 617.

REVERSED WITH DIRECTIONS.

All the Justices concur.