Randy Scott POWELL and Ronald Moore, Appellants,

v.

Benjamin H. LeFORCE, Appellee.

No. 74095.

Supreme Court of Oklahoma.

Nov. 24, 1992.

Rehearing Denied March 31, 1993.

---

Miles Halcomb, Medford, Novy Wool-bright, Enid, for appellants.

Mitchell & DeClerck, E.W. "Bill" Shaw, Enid, for appellee.

WATT, Justice:

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

On November 20, 1988, Benjamin H. LeForce, appellee, swore a criminal complaint against Randy Scott Powell and Ronald Moore, appellants, alleging that the two were hunting on appellee's property without permission. Appellants were charged with the misdemeanor offense of Hunting Without Permission, but were subsequently acquitted. Thereafter, appellants sued appellee for malicious prosecution. They alleged that appellee "falsely, maliciously, and without probable cause swore a criminal complaint" against them which resulted in the filing of criminal charges and a trial in which they were the prevailing parties.

Appellee filed a motion for summary judgment, claiming that appellants could not prove that he lacked probable cause when he instituted the criminal action. In support of his motion, appellee attached his own affidavit and an affidavit from the assistant district attorney who filed the criminal charges against appellants. In appellee's affidavit, he asserted that he saw appellants with firearms on his property; that they appeared to be hunting; that no one had given appellants permission to hunt on the property; and that "no hunting" signs were conspicuously posted on the property. The affidavit of the assistant district attorney stated that the information given to him from appellee appeared to be a "full, fair and complete disclosure of the facts [appellee] observed"; that the facts presented were determined by him to be sufficient to support the criminal prosecution; and that a judge found that probable cause existed to detain appellants. The prosecutor further claimed that he had learned nothing during the investi-

gation or trial of the criminal matter that caused him to question the facts reported by appellee.

Appellants responded to appellee's motion by filing their own affidavits. The men claimed that they had been warned about the boundary between appellee's property and the property upon which they had permission to hunt, and that were not on appellee's land. Appellants also alleged that when appellee confronted them, they informed him that they had not been on his land.

The district court granted summary judgment for appellee and appellants appealed. The Court of Appeals affirmed, holding that appellants failed to prove that appellee lacked probable cause when he instituted the criminal action against them.

## ISSUE

On certiorari, appellants contend that the issue of whether appellee had probable cause to initiate criminal proceedings against them was a question of fact for the jury. We agree and remand this cause for further proceedings.[1]

## DISCUSSION

■ In a malicious prosecution action, the plaintiff bears the burden of proving, among other things, that the defendant lacked probable cause when he brought the initial action. *Lewis v. Crystal Gas Co.*, 532 P.2d 431, 433 (Okla.1975). Relying upon *Page v. Rose*, 546 P.2d 617 (Okla.1975), and its progeny, appellee argues that his motion for summary judgment and supporting affidavits established a complete defense to appellants' claim. In *Page*, this Court reiterated that probable cause constitutes a complete defense in an action for malicious prosecution. *Id.* at 620. *See also Lewis*, 532 P.2d at 433; *Towne v. Martin*, 196 Okla. 510, 166 P.2d 98, 100 (1946). We also stated:

"Where a full and fair disclosure of the material facts has been made by the

person procuring the criminal prosecution to the prosecuting attorney for the government, and his advice is honestly sought and acted on in good faith, this negatives the absence of probable cause and is a complete defense to an action of malicious prosecution by the person accused."

*Page*, 546 P.2d at 621, quoting *Missouri, Kansas and Oklahoma Coach Lines, Inc. v. Meister*, 330 P.2d 579 (Okla.1958).

Appellee contends that he made a full and fair disclosure of the material facts to the assistant district attorney when he initiated criminal proceedings against appellants. He further asserts that the prosecutor honestly sought such advice and acted on it in good faith. These facts, he argues, constitute a complete defense to the instant action.

■ The issue of what constitutes probable cause in a malicious prosecution action is a mixed question of law and fact. *Miller v. Bourne*, 208 Okl. 362, 256 P.2d 431, 433 (1953); *Allison v. Bryan*, 50 Okla. 677, 151 P. 610, 614 (1915). If there exists no controversy over the facts, or if the facts are conceded, the existence of probable cause is a pure question of law for the court. *Lewis*, 532 P.2d at 434; *Miller*, 256 P.2d at 433. However, where the evidence is conflicting on the question of the existence of probable cause, the court should submit the issue to the jury. *Kitchens v. Bryan County Nat'l. Bank*, 825 F.2d 248, 252 (10th Cir.1987); *Moore v. York*, 371 P.2d 469, 472 (Okla.1962); *Miller*, 256 P.2d at 433; *Patrick v. Wigley*, 206 Okla. 194, 242 P.2d 423, 427 (1952).

■ In the present case, the issue of whether appellee had probable cause to initiate criminal proceedings against appellants was highly disputed. Appellee claims that he saw appellants on his property. Conversely, appellants maintain that they were never on appellee's property. Whether appellants were actually on appellee's property and whether appellee truly be-

---

1. Because we find that this issue mandates reversal, we need not address appellants' argument that the Court of Appeals employed an erroneous standard of review in affirming the judgment of the trial court.

lieved that the men were on his property were disputed material facts regarding the issue of probable cause. We recognize that *Page* and its progeny provide appellee with a complete defense if the evidence establishes that he made a full and fair disclosure of the material facts to the district attorney. In this case, however, there are disputed facts from which different inferences could reasonably be drawn.

Motions for summary judgment do not admit all well-pleaded facts in a petition even though the allegations of the pleadings standing alone may raise an issue of material fact.

\* \* \* \* \* \*

Even when the basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts. Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

*Buckner v. General Motors Corp.*, 760 P.2d 803, 812 (Okla.1988).

Here, the evidence of probable cause was conflicting. Therefore, it was for the jury to decide whether appellants met their burden of proving a lack of probable cause.

## CONCLUSION

Where there is conflicting evidence of the existence of probable cause in a malicious prosecution action, the issue should be submitted to the jury. In the present case, there was conflicting evidence concerning probable cause. Therefore, the trial court should have submitted the issue to the jury.

Certiorari previously granted. The opinion of the Court of Appeals is VACATED. The judgment of the district court is REVERSED and this case is REMANDED for further proceedings consistent with this Opinion.

OPALA, C.J., HODGES, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

LAVENDER and SIMMS, JJ., dissent.

SIMMS, Justice, dissenting:

The majority erroneously adopts appellants' theory that their denial of guilt of the trespass charge is relevant to the issue of probable cause. It is not. The issue is not guilt or innocence, but probable cause to file the criminal charge.

Acquittal of the criminal charge wherein appellee was the prosecuting witness does not, in and of itself, establish want of probable cause in filing the complaint for trespassing. The burden of proof in a malicious prosecution action falls upon the plaintiff to establish absence of probable cause. *Patrick v. Wigley*, 206 Okla. 194, 242 P.2d 423 (1952); *Page v. Rose,* 546 P.2d 617 (Okla.1975). This, the appellants have failed to do.

The evidence submitted on motion for summary judgment was uncontradicted that the appellee made a full and complete disclosure to the prosecuting authorities. Under Oklahoma law, this is a complete defense to a malicious prosecution action. *Moore v. York*, 371 P.2d 469 (Okla.1962).

I would withdraw certiorari as improvidently granted which would result in affirming the judgment of the trial court in favor of appellee in the malicious prosecution action.

